# THE CHICAGO & NORTHWESTERN RAILWAY COMPANY

*v.*

# FREDERICK SIMONSON *et al.* Administrators.

1. CONTRIBUTORY NEGLIGENCE—*in respect to fire communicated by locomotive to adjacent property.* It has been held, that where fire is ignited on the right of way of a railroad, by reason of an accumulation of dry grass and weeds thereon, and communicated to the adjoining fields by the negligence of the owner in not keeping them free from combustible materials, the owner can not recover for the injury thereby occasioned, unless the negligence of the company is greater than his own.

2. So in an action for such injury, it is erroneous in the instructions to the jury, to base the plaintiff's right of recovery wholly on the question of the negligence of the company, ignoring the doctrine of contributory negligence on the part of the plaintiff.

3. But where the adjoining land, to which fire has been so communicated, is wood land, that fact should be considered by the court in the instructions, as abating the degree of diligence required of the land owner, on account of the greater difficulty of keeping such land clear of inflammable matter.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Mr. H. W. BLODGETT, Mr. JAMES H. HOWE and Messrs. HENRY & JOHNSON, for the appellants.

Mr. Frederick Sackett and Messrs. Dinsmoor & Stager, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case, brought to the Whiteside circuit court by Frederick Simonson, to recover of the defendant railway company, damages occasioned to the property of the plaintiff, by reason of the escape of fire from their locomotives, while running on their track across the land of the plaintiff.

There was a verdict and judgment for the plaintiffs, to reverse which the defendants appeal, assigning, among other things, as error, giving the instructions asked by the plaintiff. It is to this point only we have directed our attention.

The instructions complained of are the following:

"If the jury believe, from the evidence, that any one or more of the fires which are complained of by the plaintiff in the case, were caused by, or originated from, the carelessness of the defendants' servants, or the defect in the construction of the defendants' engine, or from the carelessness of the defendants in permitting dry grass and leaves, and other combustible matter to accumulate on the side of their said railroad track, adjoining the premises of the plaintiff, so that fire, first falling from defendants' engine, caught said dry grass or dry leaves, or other combustible matter, and thence communicated with the premises of the plaintiff, and thus occasioned the damage, or any part of it complained of, they will find the issues for the plaintiff, and assess his damages at such sum as they believe, from the evidence, he has sustained from such careless or negligent acts.

"If the jury believe, from the evidence, that any one or more of the fires that are complained of by the plaintiff, were caused by, or originated from, the carelessness of the defendants' servants, in the management of the locomotive of said defendants, or from their permitting dry grass and other combustible

506        C. & N. W. R. R. Co. *v.* Simonson *et al.* [Sept. T.,

Opinion of the Court.

material to accumulate on the land of the defendants, on the sides of their said railroad track, adjoining the premises of the plaintiff, they will find the issues for the plaintiff, and assess his damages at such sum as they believe, from the evidence, he has so sustained."

The objection to these instructions, and each of them, is obvious. They leave out of the case the question of contributory negligence on the part of the plaintiff, in disregard of the rule established in *Illinois Central R. R. Co.* v. *Mills,* 42 Ill. 407, and *O. & M. R. R. Co.* v. *Shanefelt,* 47 ib. 497, and *Illinois Central R. R. Co.* v. *Frazier,* ib. 505.

It was declared by a majority of the court, in Shanefelt's case, that land owners contiguous to railroads were as much bound, in law, to keep their lands free from an accumulation of dry grass and weeds as railroad companies were, so when a fire is ignited on a company's right of way, and is communicated to fields adjoining, the negligence of such owner will be held to have contributed to the loss, and unless it appears the negligence of the company was greater than that of such land owner, the latter can not recover for injuries thus arising.

These instructions wholly ignore this doctrine, which must be regarded as the established doctrine of this court, and the defect is not supplied by any other instruction given in the cause.

In this case, however, it appears the fire from the engine was communicated to the wood lands of the plaintiff, as well as to his cultivated land.

On another trial, this fact will be considered by the court in its instructions, as abating that degree of diligence required of the land owner, for it is well known, it is almost impossible for such to keep his timber land clear of leaves, which are constantly falling, and soon become dry and inflammable.

As the instructions ignore, wholly, the doctrine of contributory negligence, the judgment, for that reason, must be reversed and the cause remanded.

*Judgment reversed.*