JOSHUA COATES and CLAYBORN DOWELL, Respondents, *vs.*
THE MISSOURI, KANSAS & TEXAS RAILWAY Co., Appellant.

1. *Railroads—Damages—Escape of sparks—Kindling of grass adjoining track
and shavings attached to plaintiffs' house—Proximate cause of damage—
Contributory negligence.*—In suit for damages against a railroad company for
the burning of a building of plaintiff, caused by the escape of sparks from de-
fendant's locomotive, it appeared that the house was uncompleted and of
frame, situated about one hundred feet from the track; that the carpenter
had suffered shavings to accumulate about the house, and that the sparks
were blown by a high wind from the locomotive into the dead grass adjoining
the track, and from thence fire was communicated to the shavings and the
building.

*Held*, as follows : 1st. The escape of the fire from the engine was the proximate
cause of the damage, and proof of its escape established a *prima facie* case
of negligence which would render the company liable. But to rebut such pre-
sumption defendant might show its employment of careful and competent ser-
vants, and use of the best contrivances to prevent the escape of fire. Such
facts being shown, it devolved upon plaintiff to prove actual negligence on the
part of defendant. 2nd. In accumulating combustible material plaintiff and
defendant were equally negligent, and plaintiff could not recover on that
score. (See Fitch vs. Pac. R. R., 45 Mo., 322.)

*Appeal from Henry County Circuit Court.*

*Jno. Montgomery, Jr.,* for Appellant.

I. Instruction No. 6 for plaintiff states an abstract proposi-
tion of law not sufficiently connected with the testimony.
(Devitt vs. Pac. R. R., 50 Mo., 302.)

Nor does it permit the jury to determine how far plaintiff's
negligence contributed to the damage. It seems to tell the
jury that plaintiff "contributed remotely." (Turner vs. Lo-
ler, 34 Mo., 461 ; Merritt vs. Given, 34 Mo., 98; Ham vs.
Barrett, 28 Mo., 388; Rose vs. Spies, 44 Mo., 22.) Plaintiff
negligently allowed dry shavings to accumulate in an exposed
position near his house, and whether his negligence contribu-
ted directly or remotely, is a question for the jury. (Kesee vs.
Ch. & N. W. R. R., 30 Iowa, 82.)

II. Instruction No. 5 asked for defendant, should have been
given. This proposition is sanctioned by Fitch vs. Pac. R.
R., 45 Mo., 324; see also, Kellogg vs. Ch. & N. W. R. R.,
26 Wis., 223; Ohio & Miss. R. R. vs. Shanefelt, 47 Ill., 497;
Ill. Cent. R. R. vs. Nunn, 51 Ill., 78.

III. Instruction No. 4 asked by defendant, should have been given. Its object was to explain to the jury the legal effect of plaintiffs' testimony. The negligence inferred from the escape of fire being rebutted, plaintiffs were bound to prove affirmatively some other act of negligence, in order to recover. (Fitch vs. Pac. R. R., *supra ;* Smith vs. Han. & St. Jo. R. R., 37 Mo., 287 ; Ill. Cent. R. R. vs. Wells, 42 Ill., 407.)

*LaDue & Fyke,* for Respondents.

I. The defendant did not offer any evidence to show that at the time of the injury the servants of defendants were conducting themselves or their engine carefully and skillfully. The mere fact that they were generally prudent and careful men, would not rebut the presumption of carelessness raised by proof of the fact that fire did escape from the engine under their charge.

II. The instructions given on the part of plaintiff were evidently correct. The first instruction told the jury that the fact that fire escaped from defendant's engine and consumed the building (and all the facts were admitted by the pleading) were facts from which the jury might infer negligence, and left the burden on defendant. This is the law.

III. The second and third instructions on the part of plaintiff properly instructed the jury as to the degree of care required of defendant. (Bedford vs. Han. & St. Jo. R. R. Co., 46 Mo., 456 ; Fitch vs. Pac. R. R. Co., 45 Mo., 322.)

IV. The first and second instructions asked by defendant were properly refused, judging from authorities above cited.

V. The sixth instruction given for plaintiff correctly declared the law upon the question of contributory negligence. (Kellogg vs. The Chicago & North Western R. R. Co., 26 Wis., 223.)

VI. The fifth instruction asked by defendants was properly refused. (26 Wis., *supra.* )

VII. The master mechanic, in his cross-examination, testifies that instructions are given to close the dampers in run-

ning over wooden bridges. If an engine can be run over a wooden bridge with the dampers closed, it would certainly be negligence of the grossest kind to pass through a village, when the defendant has suffered grass to remain on its right of way, with the dampers open.

NAPTON, Judge, delivered the opinion of the court.

This action was to recover damages for the burning down of a building in the town of Ladue, by the escape of fire from one of the locomotives of defendant. The basis of the action was negligence and unskillfulness on the part of the employees of the company, in setting fire to the dead grass near the house. The house was a one story frame building, not entirely finished, situated about one hundred feet from the track. It was about twelve o'clock in the day when the fire occurred, and the wind was very high and blowing from the track towards the town. The grass near the track was dry (it was the middle of October), and in front of the house was a workbench, surrounded with shavings.

The plaintiffs proved that the fire was started by coals or cinders from engine No. 25.

The defendant then introduced witnesses who stated that the engineer and firemen of No. 25 were competent, skillful, reliable and careful officers, and that engine No. 25 was a first class engine in all respects and supplied with every improvement, down to the latest, for preventing the escape of fire. The master mechanic stated that it was impossible to run an engine without keeping the dampers open; "that the ash pan was immediately under the grate, and the motion of the train shakes the ashes and coals through the grate into the ash pan, and the dampers are at each end of the ash pan, and of course when opened the wind sweeps the fire out of the ash pan on the track." The witness stated that no mode has ever been devised as yet to prevent this, and that fire must escape from the best of engines.

The court gave the following instructions at the instance of the plaintiff:

1. The court instructs the jury on the part of the plaintiff, that the fact of fire escaping from defendant's engine, lighting upon and igniting the dead and dry grass, and other combustible matter, suffered by the defendant to accumulate upon its right of way adjoining plaintiff's property in the town of Ladue, and, by spreading, communicated to plaintiff's property and destroyed the same, are facts from which the jury may infer negligence on the part of defendant's agents, officers and servants, and leaves the burden of exonerating them on defendant.

2. It is the duty of every man so to use his own property as not to cause injury to that of his neighbor, and the fact of fire escaping from the engine of a railroad company and communicating to the property of others is a fact to be considered by the jury in determining the question of negligence on the part of defendant. And if the jury believe from the evidence that the defendant. its officers, agents or employees, negligently permitted fire to escape from the engine of defendant, and that it communicated to and destroyed or consumed the property of plaintiffs, as alleged in the petition, they will find for plaintiffs and assess the damages at such sum as the jury may believe from the evidence the store was reasonably worth.

3. The court instructs the jury on the part of the plaintiff, that the defendant in the case was bound to a degree of care and diligence in proportion to the degree of damage, and the probable extent of injury to the property of others in case of negligence, and if the jury believe from the evidence that the defendant, its agents or servants, or employes failed to exercise that degree of care and caution which they might have done under the circumstances, in consequence of which fire escaped from the engine of the train in their use, and communicated to and burned the property of the plaintiff, as alleged in the petition, then they will find for the plaintiffs.

4. The question whether the injury sustained was too remote or consequential, is for the exclusive determination of the jury, and the fact of the house being situated some dis-

tance from the railroad track of defendant will not prevent a recovery on the part of plaintiffs, if the jury believe it was one continuous fire from the place where it ignited in the grass to the house.

5. The court further instructs the jury that the question of negligence and carelessness on the part of the defendant, its agents, servants, etc.; is a fact to be determined by the jury from all the evidence.

6. The court instructs the jury that although the plaintiffs may have been guilty of some negligence in suffering the shavings to accumulate around the store-house, which may have contributed remotely to the destruction of their property, yet if defendant's agents or employees, or either of them, was guilty of negligence in suffering the dead and dry grass to accumulate upon the right-of-the way, or unlawfully to provide good and suitable contrivances for the prevention of the escape of fire from the engines, or in using or managing the same, and that such negligence on the part of the agents and employees was the immediate cause of the burning, and that with the exercise of prudence on the part of such agents and employees the fire might have been prevented, then the defendant is liable in the action, and the jury will find for the plaintiffs.

All of which instructions were given by the court, to which defendants duly excepted.

The defendant prayed the court to instruct the jury as follows, viz:

1. The court instructs the jury that negligence is a fact to be proved like any other fact, and before the plaintiffs can recover in this action they must prove affirmatively to the satisfaction of the jury that the defendant was guilty of negligence in setting the fire which consumed the house of plaintiffs.

2. There is no conclusion or presumption of negligence on the part of defendant because fire escaped from the engine.

3. If the jury find from the evidence that the high winds prevailing on the 7th day of October, 1871, were the immediate cause of the destruction of plaintiffs' building and that

but for the high winds and dry condition of the grass and the shavings which had been suffered to accumulate about or around said building, the same would not have been burned, then the defendant is not liable if the jury find that the fire did escape from defendant's engine or train of cars, without negligence on the part of defendant or its employees, or defects in the machinery.

4. The inference that because fire escaped from defendant's engine it was guilty of negligence may be fully rebutted by the defendant's showing to the satisfaction of the jury that it used the best machinery and contrivances to prevent such a result, and that careful and competent servants were employed by it; and if this inference of negligence is overcome by the evidence of defendant, before the jury can find for the plaintiffs, they, the plaintiffs, must prove affirmatively other acts of negligence of defendant.

5. Although the jury may find from the evidence that the defendant permitted the grass on the right of way to remain in its natural condition, yet if they find that the plaintiffs suffered the grass around and about their house to remain in a similar condition, and unless they had allowed it to so remain they would have suffered no injury, they cannot on that account recover of defendant, unless the jury find further that the fire was set negligently by defendant.

All of which instructions the court refused to give and the defendant properly excepted. The court of its own motion then gave the following instructions:

1. The court instructs the jury that negligence is a fact to be proved like any other fact, and before the plaintiffs can recover in this action, they must prove affirmatively to the satisfaction of the jury that defendant was guilty of negligence in setting the fire which consumed the house of plaintiffs, or in permitting the dry grass to remain on its property.

2. Before the jury can find for the plaintiffs, they, the plaintiffs, must prove affirmatively acts of negligence of defendant.

To the giving of which defendant at the time properly excepted.

The only question discussed in this court relates to the propriety of the instructions. The rules of law relating to the liability of R. R. companies in losses occasioned by fires, are thoroughly discussed by Judge Bliss in his opinion in the case of Fitch vs. Pacific R. R. Co., 45 Mo., 324, and from the conclusions reached by the court in that case we are not disposed to depart, and the Circuit Court in the present case seems to have had in view the principles settled in the case of Fitch. But examining the instructions in connection with the proof offered, two objections have been taken which we think require a reversal of the judgment. The first objection relates to the question of contributory negligence on which an instruction (No. 6) was given for plaintiffs.

Abstractly considered, the instruction is undoubtedly the law, but on the facts in evidence it may have been calculated to mislead. Judge Bliss observes in the case of Fitch, that where the *gravamen* of the charge of negligence consisted in defendants allowing the grass to accumulate on the track, it was competent for defendant to show that the plaintiff had suffered a similar accumulation and that without it he would have suffered no injury : " Both causes," observes the learned judge, " were equally remote, and the proximate cause was an accident, and one could not, with a good face charge the other with a specific neglect of which he was also guilty."

In the present case the plaintiff's house was only about a hundred feet from the railroad track. It was not completed, and the carpenter suffered the shavings to lie around the house, which were just as combustible as the adjoining grass. One would suppose that persons building so close to a railroad would see that no excuse of this sort should be offered to the company in case of fire. It appears that no contrivances can utterly prevent the escape of fire, and if the railroad company ought to have the grass under and around the track burned, so ought the persons who are so immediately on the road to take the necessary precautions. Of course, a farmer who lived two or three miles off might not reasonably be expected to apprehend danger, but every case depends on

the peculiar circumstances attending it, and the object of courts trying such cases, should be to apply general principles to the facts of the particular case being tried.

But the main objection to these instructions is the refusal of the court to give the fourth asked by the defendant, after giving the first asked by plaintiffs. When it is proved that the fire escaped from an engine of defendant, a *prima facie* case of negligence is established, and this was so declared in the first instruction given for plaintiff. But to rebut that inference which is declared in the case cited to be a reasonable one, the "defendant should show that the best machinery and contrivances were used to prevent such a result, and that careful and competent servants were employed."

Evidence to this effect was given in this case, (whether satisfactory to the jury or not, is not material,) but if the jury believed it, then it devolved on the plaintiff to show something more than the mere escape of fire from the engine and the destruction of his house by this fire which only made out a *prima facie* case. The burden of proving actual negligence then devolved on him and this is really so declared to be the law in the instructions given by the court of its own motion; but as the court had at plaintiff's instance given a specific instruction in regard to what constituted a *prima facie* case, the instruction No. 4, asked by defendant in regard to what would rebut it, should have been given. The jury was liable to be misled by such abstractions.

The judgment will be reversed and the cause remanded; the other judges concur.