## The Central Branch Union Pacific Railroad Company v. James C. Hotham.

1. ————— Several matters discussed, and *held*, that no material error with reference thereto was committed as against the plaintiff in error.

2. ————— *Duty of the Court and Jury in Regard to Negligence.* In an action founded upon the alleged negligence of the defendant, *held*, that in the absence of evidence tending to show either that the plaintiff was or was not negligent, the court should direct, and the jury should find, that the plaintiff was not negligent.

3. Negligence; *General Province of the Court and the Jury in Regard to.* In all cases where the question of negligence is in issue, it is the province of the court to determine whether the evidence offered or introduced tends to prove or disprove the negligence; and if no evidence is offered or introduced tending to prove the negligence, the court may itself decide that no negligence is proved, and direct the jury to find accordingly. And where evidence is introduced proving negligence beyond all controversy, and no countervailing evidence is introduced, the court may generally say that the negligence is proved. But in all cases where evidence is offered tending to prove the negligence, the evidence must be admitted. And in all cases where such evidence is introduced, and the adverse party then seeks to rebut the same by introducing countervailing evidence, such countervailing evidence must be admitted. And when all the evidence offered is introduced, then, unless there is no evidence introduced to prove negligence, or unless the evidence introduced is all one way, and proves the negligence beyond all controversy, the question whether negligence is proved or not is a question of fact for the jury, and not a question of law for the court. In all cases where the facts constituting or tending to prove or disprove the negligence are disputed, the question whether such supposed negligence has any existence or not, is one of fact for the jury. And even where there is no dispute about the facts in their details, still, if they are stated or proved in such limitless, cumbrous or diffusive detail that different minds of reasonable capacity might honestly differ with respect to whether they in fact constitute or prove negligence or not, the question as to whether they do in fact constitute or prove negligence or not, must be submitted to the jury as a question of fact. The inferences to be drawn from such numerous and cumbrous details, are inferences of fact and not inferences of law.

4. Contributory Negligence; *Error.* Where the action is founded upon the alleged negligence of the defendant, and some of the evidence introduced on the trial tends to show that the plaintiff was guilty of contributory negligence, and the defendant, in accordance with section 286 of the code ( Laws of 1874, pp. 140, 141), requests the court to direct the

jury to find upon the particular question of fact whether or not the plaintiff was guilty of contributory negligence, and the court refuses, *held*, error.

## *Error from Atchison District Court.*

ACTION brought by *James C. Hotham* against the *Central Branch Union Pacific Railroad Company*, to recover damages alleged to have been sustained through the negligence of the railroad company in permitting sparks to escape from its engine, whereby certain hay belonging to *Hotham*, stacked near the railroad track, was burned and destroyed. Trial at June Term, 1877, before a jury, which, under the direction of the court, returned a verdict for *Hotham* for $130. The court entered judgment for the plaintiff on said verdict. The *Railroad Company* now seeks a reversal of the judgment.

*Everest & Waggener*, and *D. Martin*, for plaintiff in error:

The defendant in the court below as a part of its defense offered to prove "that it always had been its custom to have all of its engines carefully examined, and ascertain their condition, and the condition of the smoke-stack, cone, spark-arrester, netting, fire-boxes, ash-pans, and all appendages, and never to let any engine, unless in perfect repair and condition, go out of the shops, to be run over its road or haul cars thereon; that such examination was made before any engine was allowed to go out on a trip; and that such examination was also always made when engines returned from a trip" —which testimony was refused by the court. The plaintiff in the court below was permitted to offer testimony tending to prove that the engine which is alleged to have set out the fire was out of repair. We submit that by the action of the court in refusing to receive the testimony offered by the defendant as hereinbefore stated, that it was precluded from showing that it had exercised any diligence whatever to prevent the accident complained of. It was an attempt by the defendant to overcome by direct and positive testimony any *prima facie* case of negligence made out by circumstan-

tial evidence in behalf of plaintiff. It was a question of fact for the jury to determine which evidence was entitled to the greater credit. (16 Kas. 252; 24 N. Y. 599; 1 Green. Ev., § 40; *Cleavelands v. Railroad Co.*, 42 Vt. 449; *Spaulding v. C. & N. W. R. R. Co.*, 30 Wis. 122.)

The court erred in giving instruction No. 1 asked for by the plaintiff. "There was evidence," without objection, "tending to show that he was negligent," and the question of whether he was or not should have been submitted to the jury. (*K. P. Rly. Co. v. Brady*, 17 Kas. 380–389; *Robinson v. Govy*, 28 Ohio St. 241.)

The court below did not say to the jury, that "if the fire complained of was caused by reason of the defendant's engine being out of repair, or in an unsafe condition, or by the careless or unskillful manner in which it was managed by the servants of the defendant," then they should find that defendant was guilty of negligence; but the court did tell the jury that if they found from the evidence that the fire occurred in the manner stated in the instruction, the jury will *"find for the plaintiff."* This instruction took from the jury the question of contributory negligence, and left them but one alternative, viz., to find for the plaintiff if the fire was occasioned in the manner stated, without regard to the fact that plaintiff's negligence might have been the proximate cause of the injury complained of. ( 28 Ohio St. 241, 340.)

Again, the court erred in giving instruction No. 3 asked for by the plaintiff. We submit that this instruction does not properly state the law, and especially under the evidence in this case. The instruction would seem to convey the impression that merely permitting sparks or fire to escape from an engine would of itself be negligence, without regard to the place where the sparks escaped. (*K. P. Rly. Co. v. Brady*, 17 Kas. 385.)

The concluding part of the instruction complained of says: "These facts and circumstances will be sufficient to establish *prima facie* negligence." What "facts and circumstances?" The fact that defendant's engines caused the fire, and that

they caused two or more fires the same day, (whether *before* or *after* the fire complained of is not stated,) and the further fact that other engines passed over the road, etc., and did not set out fires.   The time other engines passed over the road is not mentioned.   It might have been when rain had recently descended "in copious showers, making everything wet and unable to fire;" or it might have been when "all the grass in that vicinity was green, or had been burned off the day before."   The grass may have been wet, or green, or burned off, and "similar circumstances as to wind and weather" might have existed.

These "facts and circumstances," says the court, "will be sufficient to establish *prima facie* negligence."   Negligence against whom?   Against the company?   Certainly not; for "if a strip of the land around said stacks had been freshly burned, or freshly plowed, no one would think of imputing negligence to the railway company as against the plaintiff, for by no possible contingency could the escape of fire in such a case injure the plaintiff."   "Hence it will be seen that if the defendant was negligent at all as against the plaintiff, it was about as much because of the acts and omissions of the plaintiff as because of the acts and omissions of the defendant.   If the defendant was negligent at all as against the plaintiff, it was really as much because said hay was stacked in a dangerous place, and because dry grass was allowed to intervene all the way from the stack to the railway track, as because said fire was permitted to escape."   This instruction was calculated to mislead the jury, and was prejudicial to the railroad company.

The court erred in refusing to submit to the jury, at the request of defendant, finding of fact No. 7.   If there was any negligence tending to show that plaintiff was guilty of contributory negligence, then the court below erred in refusing to submit this question to the jury.   The evidence tending to show contributory negligence on the part of the plaintiff, is substantially as follows: The plaintiff stacked this hay within about three-fourths of a mile of the railroad track, on

an open prairie which extended all the way from the hay-stack to the railroad, and which was covered with dry grass. Plaintiff did nothing to protect the hay from fire. He knew there was combustible grass and other dry material between the railroad track and these stacks, and that he did not plow around these stacks to protect them from fire.

We contend therefore that this question should have been submitted to the jury. There was evidence, without objection on the part of the plaintiff, tending to prove that the "hay was stacked on open prairie, on premises near the railroad, and there was dry grass all around said hay, and dry grass intervening between said stacks and the railroad track at the time of the burning." And for the same reason the court erred in refusing to submit questions of fact Nos. 8, 9, 10, 11 and 12.

The court below, all through the trial of this case, persistently refused to submit the question of contributory negligence to the jury. The court invariably refused the instructions on the question of contributory negligence, so far as the failure of the plaintiff to protect this hay from fire, and would in no manner submit special questions of fact to the jury, which, if truly answered by the jury, would have given the defendant the benefit of plaintiff's imprudence in stacking his hay in a dangerous and unsafe place, and leaving it so exposed that it was likely to be destroyed at any time by sparks accidentally escaping from the engines on defendant's road, and what under many circumstances could not have been avoided or anticipated by defendant, even by the exercise of extraordinary care and diligence. (17 Kas. 380.)

*W. S. Greenlee, C. K. Wells*, and *J. F. Tufts*, for defendant in error:

The evidence conclusively showed the plaintiff's right to recover. We proved ownership of the hay by plaintiff, and its value, both without objection. We proved that the defendant's engine (No. 3) set out the fire, and that it also set

out two or more fires on the same day. The jury had sufficient evidence to sustain each and every finding made by it.

The various objections to testimony, cited by plaintiff in error, show that there was no abuse of discretion in the trial court in permitting the testimony to go to the jury, and an examination of the whole testimony will show that there was no material error committed in admission of testimony. There was no error in permitting plaintiff to state that other trains did or did not set out fires. (*A. T. & S. F. R. R. v. Stanford*, 12 Kas. 354.) We submit that the law of the case was fully and fairly stated to the jury. The instructions, as a whole, were as favorable to the defendant as it could ask. We do not believe that the court is bound to submit to the jury every special question written out by the party, and we think that the several questions submitted on the part of the plaintiff and defendant presented every material question to the jury. The answers are intelligible, and should not have been re-submitted. The evidence did not show any contributory negligence on the part of plaintiff. He had a right to presume that the defendant would not carelessly manage its engines, and if it had not been guilty of carelessness and mismanagement, the injury would not have happened. All the evidence shows, that the engine was "temporarily mismanaged," as found by the jury. And in addition, there was a traveled, well-beaten, smooth public road running between the railroad track and plaintiff's stacks.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by James C. Hotham against the Central Branch Union Pacific Railroad Company, to recover damages alleged to have been sustained through the negligence of the railroad company in permitting sparks to escape from its engines, whereby certain hay belonging to Hotham, stacked near the railroad track, was burned and destroyed. Judgment was rendered in the court below in favor of Hotham, and against the railroad company, for

$130; and the railroad company now brings the case to this court for review.

Every question of any importance presented in this case has already been considered by this court in other cases, and hence we shall be very brief in the discussion of the questions now presented. We might also here say that many of the questions now presented are futile.

As a preliminary question, the defendant in error Hotham claims that the record brought to this court shows that the motion for a new trial made in the court below was not filed in the case in proper time. The record however does not show any such thing; but on the contrary, it seems to show that the jury was impanneled, trial had, verdict and judgment rendered, motion for a new trial made, filed, argued, and overruled, all on the same day.

We shall group the numerous questions raised in this case, and consider the same, under four heads: 1. The ownership of the hay; 2. The value of the hay; 3. Negligence on the part of the defendant below, plaintiff in error; and 4. Contributory negligence on the part of the plaintiff below, defendant in error.

I. All the evidence in the court below, applicable to the question of the ownership of the hay, showed that the hay belonged to the plaintiff Hotham, and the court below erred as against Hotham, if it erred at all, with reference to this question, in submitting the question of the ownership of the hay as a doubtful question to the jury. The case of *Powers v. Clarkson*, 17 Kas. 218, can have no possible application to this case.

II. The court below erred in allowing the plaintiff to testify that the hay was *worth $4 per ton to him*. He did not testify with regard to the market value of the hay, or that it had any market value, and he did not state that he even knew what the market value was. We think, however, that the error was rendered immaterial and harmless by the other evidence and the findings of the jury. The other evidence

showed that the hay was worth from $3 to $3.50 per ton, and the jury found that it was worth $3.25 per ton.

III. The evidence showed and the jury found that the engine from which the sparks escaped which caused the fire, was a first-class engine, in good order and good condition, and supplied with all the most approved appliances for preventing the escape of sparks or fire. The engineer who had charge of the engine at the time the fire was produced, was also a careful, competent and trustworthy engineer. But the jury found that on the day the fire was caused, the engine was mismanaged; and although the evidence is seemingly weak to support such a finding, still we cannot say that the evidence is insufficient. The finding was probably correct. The hay was stacked in five separate stacks, from one-half to three-fourths of a mile distant from and north of the railroad track, and dry grass and stubble intervened all the way from the railroad track to the stacks, except that an ordinary public road existed between the railroad track and the haystacks. The weather was very dry at the time the fire escaped, and it was also windy.

The question whether the defendant was guilty of any culpable negligence was fairly submitted to the jury, at least so far as the defendant's rights are concerned. If any error was committed in this respect, the error was against the plaintiff, and not against the defendant. The court charged the jury that the plaintiff could not recover unless the fire was caused by the negligence of the defendant; that the burden of proving such negligence rested upon the plaintiff; and that the mere fact that the fire was caused by one of the defendant's engines, would not of itself raise any presumption of negligence against the defendant. Now in the light of some of the recent decisions, the correctness of the last proposition may be questioned. *Spaulding v. Chicago & N. W. R. R. Co.*, 30 Wis. 110; *B. & M. R. R. Co. v. Westover*, 4 Neb. 268; *Bedford v. H. & St. Jo. R. R. Co.*, 46 Mo. 456; *Coale v. H. & St. Jo. R. R. Co.*, 60 Mo. 227; *Illinois Cent. R. R. Co. v.*

*Mills*, 42 Ill. 407; *Burke v. L. & N. R. R. Co.*, 7 Heiskell (Tenn.), 451; *Ellis v. Portsmouth & Roanoke R. R. Co.*, 2 Ired. (N. C.) 138; *Longabaugh v. V. C. & T. R. R. Co.*, 9 Nev. 271; *Piggot v. E. C. R. R. Co.*, 3 C. B. (M. G. & S.), 229. These authorities hold that the mere fact of fire escaping from the company's engines is *prima facie* evidence of negligence.

The court also substantially charged the jury that the defendant was required to exercise only ordinary care, and was not liable for anything less than ordinary negligence. Among others of a similar character, the court gave the following instruction:

"If the jury find from the evidence that the defendant did exercise ordinary care and precaution to prevent the injury in the use and operation of its said engine and cars, then the defendant is not guilty of negligence nor liable for said burning."

The jury not only found generally against the defendant, but found specially that the defendant was guilty of negligence. It found specially that the defendant did not "exercise due and ordinary care in the management of its said engine," and that if it had exercised "ordinary prudence and caution" the fire would have been prevented.

IV. Unless the court below erred with respect to the plaintiff's supposed contributory negligence, we do not think that it erred materially as against any substantial right or interest of the defendant below. We shall therefore now pass to the consideration of the question whether the court below did commit any substantial error with regard to the plaintiff's supposed contributory negligence. As we have before stated, dry grass and stubble extended all the way from the defendant's railroad track to the plaintiff's haystacks, except that an ordinary public road existed between the railroad track and the haystacks; and the plaintiff took no means to protect his hay from fires, except that he stacked it from one-half to three-fourths of a mile from the railroad track, and stacked it on the ground where the hay had been cut. The

4—22 KAS.

hay was made from wild prairie grass, and was stacked in the open prairie, on land not belonging to the plaintiff. The question of contributory negligence was as fairly presented to the jury, so far as the instructions were concerned, as the defendant had any right to expect. Indeed, the court erred in favor of the defendant and against the plaintiff in instructing the jury upon this question. The court charged the jury, among other things, that the plaintiff could not recover in this action for any injury to his hay, unless the jury were "*satisfied by affirmative evidence*" "that the said plaintiff was in the exercise of ordinary care and caution on his part to prevent such injury." Now this instruction was entirely too favorable to the defendant, and was erroneous as against the plaintiff. In the absence of evidence tending to show either that the plaintiff was negligent or not negligent, the court should have directed the jury to find, and the jury should have found, that he was not negligent. (*K. P. Rly. Co. v. Pointer*, 14 Kas. 38.) The court also instructed the jury as follows:

2. Duty of court and the jury in regard to negligence.

"If the jury find from the evidence that the plaintiff could, by the exercise of ordinary care, have prevented the injury to himself or property, and that the said plaintiff did not exercise ordinary care herein, then he cannot recover in this action."

This instruction, we think, states the law correctly.

The defendant (now plaintiff in error) claims that the court below erred in refusing to permit the defendant to introduce evidence to show that the plaintiff was guilty of contributory negligence. The defendant also claims that the court below erred in refusing to permit the jury to find specially whether the plaintiff was guilty of contributory negligence or not. The writer of this opinion thinks that the court below erred in both of these particulars. Negligence is always a fact to be proved and found like other facts. The broad, comprehensive and general fact of negligence is a fact. The minor and subordinate facts going to make up and constitute negligence, are facts. And the probative facts which

3. Negligence; general province of the court and the jury in regard to.

merely go to prove the ultimate fact of negligence, or to prove some one or more of its constituent and subordinate facts, are also facts. The law does not attempt to define what particular facts or conduct shall constitute negligence, or prove negligence. It at most can only say that negligence is the absence of care, and leave the question for the jury to determine whether, under all the circumstances, due care has been exercised or not. Of course, it is the province of the court to determine whether the evidence offered or introduced tends to prove or disprove negligence. And if no evidence is offered or introduced tending to prove negligence, the court may itself decide that no negligence is proved, and direct the jury to find accordingly. And where evidence is introduced, proving negligence beyond all controversy, and no countervailing evidence is introduced, the court may generally say that the negligence is proved. But in all cases where evidence is offered tending to prove negligence, the evidence must be admitted. And in all cases where such evidence is introduced, and the adverse party then seeks to rebut the same by introducing countervailing evidence, such countervailing evidence must be admitted. And when all the evidence offered is introduced, then, unless there is no evidence introduced to prove negligence, or unless the evidence introduced is all one way, and proves negligence beyond all controversy, the question whether negligence is proved or not is a question of fact for the jury, and not a question of law for the court. In all cases where the facts constituting or tending to prove or disprove the negligence are disputed, the question whether such supposed negligence has any existence or not, is a question of fact for the jury. And even where there is no dispute about the facts in their details, still, if they are stated or proved in such limitless, cumbrous or diffusive detail that different minds of reasonable capacity might honestly differ with respect to whether they in fact constitute or prove negligence or not, the question as to whether they do in fact constitute or prove negli-

gence or not must be submitted to the jury as a question of fact. The inferences to be drawn from such numerous and cumbrous details, are inferences of fact and not inferences of law. We would refer to the following authorities, which show that the courts are not entirely harmonious upon the question of contributory negligence, some of them sustaining the foregoing views, and some not: *K. P. Rly. Co. v. Brady*, 17 Kas. 380, 384, *et seq.; St. J. & D. C. Rld. Co. v. Chase*, 11 Kas. 47, 56; *Kesee v. C. & N. W. Rly. Co.*, 30 Iowa, 78; *Garrett v. C. & N. W. Rly. Co.*, 36 Iowa, 121; *O. & M. Rld. Co. v. Shanefelt*, 47 Ill. 497, 505; *Ill. Cent. Rld. Co. v. Nunn*, 51 Ill. 78; *C. & N. Rly. Co. v. Simonton*, 54 Ill. 504; *Coates v. M. K. & T. Rly. Co.*, 61 Mo. 38; *Murphy v. C. & N. W. Rld. Co.*, 45 Wis. 222. See also, *Flynn v. S. F. & S. J. Rld. Co.*, 40 Cal. 14; *Fero v. B. & S. L. Rld. Co.*, 22 N. Y. 209; *Cook v. Champ. Trans. Co.*, 1 Denio, 91; *Kellogg v. C. & N. W. Rly. Co.*, 26 Wis. 223; *Salmon v. D. L. & W. Rld. Co.*, 38 N. J. Law, 5; *D. L. & W. Rld. Co. v. Salmon*, 39 N. J. Law, 299; *Phila., &c., Rld. Co. v. Hendrickson*, 80 Penn. St. 182; *Vaughan v. T. V. Rld. Co.*, 3 H. & N. 743.

In this state, the statute requires that "in all cases the jury shall render a general verdict; and the court shall, in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same." (Code, § 286; Laws 1874, pp. 140, 141.)

The defendant in this case requested the court below to direct the jury to find specially upon various particular questions of fact, each of which questions was specifically set out in writing by the defendant, and several of which questions related to the general question of whether the plaintiff was guilty of contributory negligence or not. The defendant also in writing requested the court to direct the jury to find upon the following question of fact, to wit:

"Would a person in the exercise of ordinary care and

caution, such as would be exercised by a prudent man, stack said hay in the place and under the conditions and circumstances that the plaintiff did in this case?"

But the court refused to direct the jury to find specially upon any question of fact relating to negligence on the part of the plaintiff. In this, the writer of this opinion thinks that the court below committed material error. In his opinion, the question whether the plaintiff was guilty of contributory negligence or not, was one of the "particular questions of fact" involved in this case, and should have been submitted to the jury, as requested by the defendant. Therefore, in his opinion, the judgment of the court below should be reversed for such error, and the cause remanded for a new trial. But in this the court is not agreed. The Chief Justice, who was formerly counsel in the case, has not taken any part in the case in this court, and has not expressed any opinion upon this question; and my brother BREWER and myself differ upon the question. Mr. Justice BREWER and myself agree upon all questions involved in the case except this one, and upon this one we differ: He thinks that there was not sufficient evidence tending to prove contributory negligence for the jury to consider, while I think there was; but he will express his own views, in an opinion of his own upon this subject, better than I can do it for him.

4. Contributory negligence.

The two Justices to whom the case was submitted agreeing that, upon all questions except one, the judgment of the court below should be affirmed, and being equally divided upon that one, the judgment of the court below must be affirmed.

BREWER, J.: I concur generally in the propositions of law stated by my brother VALENTINE in this case, and think that questions of negligence are, as a rule, questions of fact to be submitted to and decided by a jury; and I am inclined to think it would have been proper for the court in this case to have submitted to the jury, as a separate question, that of

contributory negligence. But the facts of the case impress me so strongly with the conviction that the acts and conduct of the plaintiff could in no fair sense of the term be considered negligent, and that if the question had been submitted specifically to a jury they would have been bound to find him free from negligence, that it seems to me that it would be sacrificing substance to form to remand the case for a new trial. If a party half a mile from a railroad track cannot rely upon a traveled public road as a protection against fire running through grass and stubble, how great a distance and how wide a barrier must exist before he can be held free from any imputation of negligence?

I think the judgment should be affirmed.

HORTON, C. J., not sitting in the case.