THE UNION PACIFIC RAILWAY COMPANY V. JOSEPH
H. EDDY.

No. 30.

RAILWAY COMPANY — *Damage by Fire* — *Statute Construed* —
*Findings*. In an action brought under paragraph 1321, General
Statutes of 1889, the defendant is only released from liability on
account of the negligence of the plaintiff when there exists a real,
proximate, causal connection between the plaintiff's negligent act
and the injury complained of. Hence, where the jury find spe-
cially that the plaintiff was negligent in not taking any precau-
tions to protect his property from incursions from prairie fires, but
also find that such negligence did not contribute to the setting out
of the fire which caused the injury, or to the damages that resulted
therefrom, a judgment in favor of the plaintiff upon such special
findings, and a general verdict in favor of the plaintiff, will not be
disturbed.

MEMORANDUM.—Error from Russell district court;
W. G. EASTLAND, judge. Action for damages from
fire by Joseph H. Eddy against The Union Pacific
Railway Company. Judgment for plaintiff for $758.
Defendant brings the case to this court. Affirmed.
The case is stated in the opinion, filed November 15,
1895.

*A. L. Williams, N. H. Loomis,* and *R. W. Blair,* for
plaintiff in error.

*George W. Holland,* and *W. B. Sutton,* for defendant
in error.

The opinion of the court was delivered by

CLARK, J. : This is an action brought under para-
graph 1321, General Statutes of 1889, in the district
court of Russell county, by Joseph H. Eddy against
the Union Pacific Railway Company, to recover dam-
ages alleged to have been by him sustained through
the negligence of the railway company in permitting

fire to escape from one of its engines, whereby certain personal property belonging to the plaintiff was burned and destroyed.

The railway company answered by general denial, and also alleged that whatever damages were sustained by the plaintiff were caused by and through his own fault and negligence. The jury returned a general verdict in favor of the plaintiff below, assessing his damages at $598, together with an attorney fee of $160. They also made special findings of fact in answer to special questions submitted by the parties to the action. The defendant moved to vacate and set aside the general verdict, and for judgment in its favor upon the special findings of fact, and also for a new trial, which motions were severally overruled by the court and a judgment was rendered in conformity with the general verdict of the jury. The railway company has brought the case to this court on a certified transcript of the record which does not contain any of the evidence introduced at the trial, and assigns as errors, the action of the court in overruling its motion for judgment on the special findings of the jury, overruling its motions for a new trial, and rendering judgment in favor of the plaintiff instead of the defendant.

The principal contention is, that the special findings are inconsistent with each other as well as with the general verdict. The findings of fact which are material in order to present the alleged errors are the following in answer to special questions submitted by the plaintiff:

"1. Was the plaintiff guilty of any negligence which contributed to the setting out of the fire or to the damages of the plaintiff? No.

"2. Was the right of way of defendant at the place where the fire started clear of dry and dead grass, lia-

ble to be ignited by sparks or cinders from defendant's engine? No.

"3. Did the fire which injured the plaintiff origin-ate on defendant's right of way? According to the testimony in this case, we believe it did.

"4. Did the defendant carelessly and negligently allow dead and dry combustible grass and weeds to accumulate on its right of way, liable to be ignited by sparks and cinders from defendant's engines? Yes.

"5. Had the defendant kept its right of way clear of dead and dry combustible grass and weeds, would the fire that destroyed plaintiff's property have been started? No."

"8. Was the fire which burned plaintiff's property set by a locomotive being managed and operated by the defendant? Yes."

And the following in answer to special questions submitted by the defendant:

"16. If Joseph H. Eddy had surrounded his stacks with fire-guards or taken any other precautions within his power to prevent the incursion of prairie fires, would such precaution have lessened the risk of incursion by prairie fire? Yes.

"17. Did the plaintiff, Joseph H. Eddy, on or prior to the 28th day of July, 1890, take any steps or make use of any means to protect his wheat stacks or other property from incursions by prairie fires by plowing or otherwise? Yes.

"18. If you answer the proceeding question in the affirmative, state what steps he took to protect his stacks or other property from damage by prairie fire. He plowed a few furrows.

"19. Was not the country surrounding these wheat stacks of plaintiff and between there and the point where the fire originated an open, level country, unobstructed by trees, hedges, or rocks? Yes.

"20. Was plaintiff negligent in not taking any precautions to protect his property from incursions from prairie fires? Yes."

There is nothing in the record indicating the prox-

imity of the property destroyed to defendant's railroad, except the answer to the nineteenth interrogatory, and the allegation in the petition that "by means of a continuous body of dry grass and other combustible material the fire was communicated to plaintiff's premises, without any fault on his part."

The railroad company contends that the special findings of the jury clearly indicate that, although Mr. Eddy plowed a few furrows around his property, yet that was not a sufficient protection, and that he was negligent in not taking proper precautions to protect his property from prairie fires, and that the court should have sustained the defendant's motion for judgment on the special findings of the jury, or should have sustained defendant's motion for a new trial because of the alleged inconsistency between the answers to the first and twentieth interrogatories. We cannot, however, agree with counsel in this contention. True, the jury found that the plaintiff was negligent in not taking any precautions to protect his property from incursions by prairie fires, but they also found that this negligence of the plaintiff did not contribute either to the setting out of the fire or to the damages which the plaintiff sustained by reason of the negligence of the defendant. The defendant is only released from liability when the negligence of the plaintiff contributes to produce the loss as a proximate cause and not as a remote cause or condition.

It has been well said, that "in order to avail the defendant anything there must be not only negligence on the part of the plaintiff, but contributory negligence, and real, proximate, causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action." In other words, the remote negligence of the plaintiff will not protect the

defendant who by proximate negligence has done him an injury. (Beach, Contrib. Neg. §§ 10, 11; Wharton, Neg. §§ 323–333; *Savage v. Insurance Co.*, 36 N. Y. 665; *Morris v. Litchfield*, 35 N. H. 271; *Railway Co. v. Fire Association*, 55 Ark. 178; *P. Rld. Co. v. Houts*, 12 Kan. 328.) In *Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 Kan. 630, our supreme court holds that, in an action under paragraph 1321 of the General Statutes of 1889, the plaintiff is not chargeable with contributory negligence for a mere failure to take precautions against the negligence of the defendant, and the court, speaking through GREEN, C., says: "A mere finding of the jury that the plaintiff did nothing to protect his land would not make him guilty of contributory negligence." In *Kellogg v. Railway Co.*, 26 Wis. 223, it is said:

"Negligence of the plaintiff, in such cases, which precludes a recovery, is where, in the presence of a *seen* danger (as where the fire has been set) he omits to do what prudence requires to be done under the circumstances for the protection of his property, or does some act inconsistent with its preservation. Where the danger is *not seen* but anticipated merely, or dependent on future events (such as the future continuance of defendant's negligence), plaintiff is not bound to guard against it by refraining from his usual course (being otherwise a prudent one) in the management of his property and business."

See, also, *Railway Co. v. Hendrickson*, 80 Pa. St. 182; *C. B. U. P. Rld. Co. v. Hotham*, 22 Kan. 41; *St. J. & D. C. Rld. Co. v. Chase*, 11 id. 47. We are of the opinion that the plaintiff in error has no cause of complaint as to the rulings of the court which are assigned as error.

The judgment of the district court will be affirmed.

All the Judges concurring.