JOHN PADGETT v. THE ATCHISON, TOPEKA & SANTA
FE RAILROAD COMPANY.

**No. 184.**

1. PLEADING AND PRACTICE—*Issue Raised by Petition—Burden of Proof.* When the plaintiff raises an issue of negligence in the petition he must establish the issue by proof, although the issue be properly a matter of defense.

2. RAILROAD—*Fire Damage—Negligence of Employees.* Where the employees of a railroad company, on a very windy day, set out a fire fifty feet toward the wind from a plowed guard three or four feet wide, the court cannot say as a matter of law that they are not guilty of negligence.

3. ——— ——— *Distance of Property from Railroad—Conduct of Plaintiff.* It is not negligence *per se* for the plaintiff to shock his wheat in the field where it is cut nor to fail to make fireguards around such field which is one and a half miles from the railroad. It is not negligence *per se* for the plaintiff to stack his grain upon his premises two and a half miles from the railroad nor to fail to make a fire-guard around the stacks the next day after they are completed.

Error from Ford district court; A. J. ABBOTT, judge. Opinion filed March 14, 1898. Reversed.

*Ed. H. Madison*, for plaintiff in error.

*A. A. Hurd*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Ford county by the plaintiff in error to recover from the defendant in error damages sustained from fire set out by section men in the employ of defendant in error.

The plaintiff in his petition alleged not only all that he was required to allege under paragraph 1321, General Statutes of 1889, but alleged and endeavored to prove the negligence of the defendant, and that he was without fault upon his part.

A demurrer was sustained to the evidence of the plaintiff, the court stating as the reason therefor that the plaintiff had been guilty of contributory negligence. There is no question but that the defendant in error set out the fire in the operation of its road and that the plaintiff sustained damages. The proof clearly shows this.

There are two grounds upon which the court might have based its ruling. The plaintiff, by raising the issue, must establish that the employees of the defendant were negligent and that he was not. If there was any evidence tending to establish both of these issues, the court erred in sustaining the demurrer; otherwise not.

There was evidence tending to show that the section men were engaged in burning the grass inside of a fire-guard consisting of four furrows which had been plowed about 250 or 300 feet from the railroad track. A strong wind was blowing from the south, and the section men were setting out the fire north of the railroad and just south of the plowing. The foreman finally set out fire about fifty feet south of the plowing and the wind carried it over the furrows, and through the dry grass to the plaintiff's grain, which it consumed.

It must be conceded that if this evidence be admitted in its most favorable light in favor of the plaintiff, the court should at least have permitted the evidence to go to the jury to determine as to the negligence of the defendant.

We now come to the contributory negligence of the plaintiff. There is evidence tending to show that he had a field of wheat in the shock about one and a half miles from where the fire escaped. About seven acres of this field and some stacks of wheat and oats about

a mile farther away were burned. He had made no fire-guards around his field of shocked wheat nor around his stacks. He had completed his stacks the night before the fire. When he first saw the fire he procured assistance and endeavored to back fire, and did all he could to save his stacks, but a side fire burned five of them.

It was not negligence *per se* for the plaintiff to shock his wheat upon the ground where it was cut, nor to stack his grain where he did. Nor was it negligence *per se* for him to fail to make fire-guards around his wheat-field one and a half miles from the railroad, nor around his stacks two and a half miles from the railroad, especially the next day after they were completed. (See *St. J. & D. C. Rly. Co. v. Chase*, 11 Kan. 47; *Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 id. 635; *U. P. Rly. Co. v. Eddy*, 2 Kan. App. 291.)

It must be remembered that "a demurrer to evidence admits every fact and every conclusion which the evidence most favorable to the other party tends to prove." (*Christie v. Barnes*, 33 Kan. 317.) Applying this doctrine to the evidence in this case, the court clearly erred in sustaining the demurrer to the evidence of the plaintiff in error.

The judgment of the district court is reversed, and the cause remanded for a new trial.