# THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY v. S. J. OWEN.

1. CONTRIBUTORY NEGLIGENCE; *Question for the Jury.* A person stacks his hay in a meadow 150 to 200 yards from a railroad track, and the sparks from a passing engine ignite the grass fifty-six feet from the track, and there is no obstacle to prevent the fire from reaching the hay through the dry grass, and nothing has been done to prevent it, and the hay is burned and destroyed by the spreading of the fire: *Held,* Whether the owner thereof is guilty of contributory negligence or not, is a question of fact for the jury, and not a question of law for the court to decide.

2. INSTRUCTION, *Erroneously Refused.* In such a case, where the charge and instructions omit all mention of contributory negligence on the part of the plaintiff, and the defendant asks the court to instruct the jury — "It is a circumstance the jury may consider, as going to prove contributory negligence, that the plaintiff stacked his hay near the railroad track, without guarding it in any way from fire. Persons who live near railroads are bound to take notice of the increased danger to their property from fire, and to exercise a proportionate amount of care to protect it,"—*held,* material error to refuse the instruction.

## *Error from Bourbon District Court.*

ACTION brought by *Owen* against the *Railroad Company,* to recover damages for certain hay said to have been destroyed by fire from a locomotive engine on the defendant's railroad. Trial at the December Term, 1880, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*Blair & Perry,* for plaintiff in error.

*C. O. French,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the trial, the plaintiff in error (defendant below) asked the court to instruct the jury: "It is a circumstance the jury may consider, as going to prove contributory negligence, that the plaintiff stacked his hay near the railroad track, without guarding it in any way from fire.

Persons who live near railroads are bound to take notice of the increased danger to their property from fire, and to exercise a proportionate amount of care to protect it." The instruction was refused; no similar instruction given; nor anything said in the general charge of the negligence of defendant in error (plaintiff below). As the instruction is right in the abstract, the question arises whether there was evidence tending to show the owner of the hay guilty of contributory negligence.

E. Lantis testified, among other things:

"Last February, I was living about 3½ miles southeast of Fort Scott. I knew Owen and his hay. It was stacked on the Miller farm, 3½ or 4 miles southeast of Fort Scott. The hay lay east of the railroad track, 150 or 200 yards; the hay was stacked there; it was Mr. Owen's hay. . . . The grass was all burnt between the hay and the railroad, if I recollect aright. The ground was burned off."

P. Hansen testified:

"I knew this hay; it was about a quarter of a mile east from the railroad track. About the middle of February, the field got on fire, and the wind blew it into the hay and burnt it up."

Ed. Hansen testified:

"There is a fence where the fire started; it started either opposite the eighth or ninth post. The posts are eight feet apart. It is meadow where the hay was stacked; it had been cut pretty early and then grown up again; the grass was six inches high, right close up to the track at places; the grass wasn't burnt off; we had mown a strip so they could burn it off."

Henry Lantis testified:

"I saw the smoke in Hansen's field; it looked to be close to the railroad. I had seen the passenger train a short time, seven or eight or ten minutes, before I saw the smoke. . . . I saw the fire on the east side of the railroad soon after the train passed. It was one-fourth or one-half mile this side of where the hay was burned."

Charles Gipple testified:

"I am sure the fire took place on the 6th of February. It was Friday. I had had the grass mown and burnt up on the

K. C. E. & S. Rld. Co. v. Merrill.

right side of way; I measured the distance from the track to where the fire ignited; it was fifty-six feet; there was no obstacle to prevent the fire from reaching the hay; nothing had been done to prevent it."

This evidence, though conflicting, was sufficient to authorize the instruction requested. This was some evidence tending to show that the plaintiff below was negligent, and as the railroad company had the right to have its case submitted to the consideration of the jury under proper instructions, the error of the court was material. Whether the owner of the hay was guilty of negligence, was a question of fact for the jury, and not a question of law for the court to decide. (*K. P. Rly. Co. v. Brady*, 17 Kas. 380.)

The judgment of the district court will be reversed, and the cause remanded for a new trial in accordance with the views herein expressed.

All the Justices concurring.