THE MISSOURI PACIFIC RAILWAY COMPANY v. W. H. KINCAID.

1. NEGLIGENCE; *Finding Sustained.* While in an action against a railroad company to recover damages on account of fire caused by a passing engine, evidence of the single fire may not be sufficient to warrant a finding of negligence against the company, yet when it appears that at or about the same time several fires are by the same engine thus caused, and that only at or about that time were any fires caused by such engine although used continuously for months, and also that an engine in good order and properly managed does not ordinarily cause fires, *held*, that a jury is justified in finding negligence, and this notwithstanding it is unable to point out specifically wherein the negligence consists.

2. CHARGE, *Not Erroneous.* As defects in an engine and negligence in its management are matters peculiarly within the knowledge of the railroad company, it is not reasonable to expect of a stranger direct evidence of the specific defects or negligence, and it is not error to charge the jury to that effect.

3. QUESTION *for Jury.* When contributory negligence is claimed, and such negligence consists only in the place in which the plaintiff has put his property and the means used to protect it from fire, there is ordinarily presented only a question of fact to be determined by the jury.

*Error from Miami District Court.*

AT the October Term, 1882, of the district court, plaintiff *Kincaid* had judgment against the defendant *Railway Company*, which brings the case here. The nature of the action, and the facts, appear in the opinion.

*W. A. Johnson,* for plaintiff in error.

*Beeson & Baker,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error, plaintiff below, to recover of the railroad company damages for the destruction of some hay, fencing and trees by fire, caused by the negligence of the company in operating one of its trains. The company answered, first, by a general denial; and second, an allegation of contributory negligence.

The plaintiff claimed $211. The case was tried before a jury, which returned a verdict of $118. Upon this verdict judgment was entered, and of it plaintiff in error now complains.

We see little in the record calling for extended comment. Nearly every question presented by counsel has been fully covered by prior decisions of this court. That the property was destroyed by fire, and that the fire started close to the railroad track immediately after the passage of one of the defendant's trains, is beyond dispute. The real questions were, whether there was any negligence on the part of the defendant, and if so, any contributory negligence on the part of the plaintiff. These are of course mainly questions of fact. But one engine was in use on that part of the road which crossed the plaintiff's farm, which engine made four trips every day — two each way. On the part of the plaintiff, in addition to the fire which destroyed his property, it was shown that two or three fires were started along the track at different times within two or three days thereafter, and immediately after the passage of this engine, and this under such circumstances that the jury might justly conclude that they were caused by the engine. In addition, one witness testified that he saw fires thereafter, but without indicating when, or under what circumstances.

On the other hand, the defendant offered the testimony of the engineer and fireman, who testified that the engine was properly constructed, with all ordinary appliances for preventing the escape of fire, in good order, and properly handled and managed. They also testified that no other fires than the one in controversy occurred along the road. It may be added that the engineer showed himself to be a man of limited experience in that business, and was unable to tell how fine was the mesh crossing the smokestack.

The testimony, as it appears in the record, is limited, and not very satisfactory; and still under the prior decisions we do not feel warranted in disturbing the verdict after its approval by the district court. (*Railroad Company v. Stanford,*

12 Kas. 354; *Railroad Company v. Campbell*, 16 Kas. 200; *Railroad Company v. Bales*, 16 Kas. 252.)

Again, the jury in answer to specific questions submitted by the railroad company, answered that in their opinion the engine was not in good condition, but could not say wherein the defect lay. Their failure to render a more specific answer is complained of, but we think under the testimony a more exact answer was impossible, and that the one returned was sufficient. (*Railroad Company v. Campbell*, supra.)

Again, the court charged the jury that this single fire did not of itself prove negligence, but that from the occurrence of a series of fires of a similar nature at or about the same time, when an engine in good order and properly handled does not ordinarily start such fires, the jury might be justified in inferring negligence, although there was no direct evidence as to wherein the negligence consisted, and that it was unreasonable to expect of the plaintiff direct evidence of the specific defect in the engine or its management, as these were matters peculiarly within the knowledge of the defendant. The latter part of this instruction is complained of, but it is almost the very language of this court in case of *The Railroad Company v. Stanford*, supra. So far as the question of contributory negligence is concerned, the plaintiff's hay was stacked some twenty to forty rods from the track, and whether he was guilty of contributory negligence in not suitably protecting it as against fire, was properly submitted as a question of fact to the jury. (*Railroad Company v. Brady*, 17 Kas. 380; *Railroad Company v. Hotham*, 22 Kas. 52; *Railroad Company v. Henigh*, 23 Kas. 359; *Railroad Company v. Owen*, 25 Kas. 419.)

These are all the matters we deem of moment; and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.