All the Justices concurring.

----

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY
v. JAMES M. RICHARDSON.

RAILROAD COMPANY—*Negligence—Fire—Findings.*   In an action against a railway company to recover damages caused by fire escaping on the right-of-way of such company, the fact that the dry grass of the previous season was suffered to remain on the right-of-way is proper evidence for the jury, and they may find negligence from it. Such negligence is ordinarily a question of fact for the jury; and when the fire was caused by the operation of the railroad, and the jury make special findings, *inter alia,* that the negligence of the defendant consisted in the failure to properly clean its right-of-way, *held,* that under chapter 155 of the Laws of 1885 the defendant was not entitled to judgment upon such special findings, when the general verdict was for the plaintiff.

*Error from Labette District Court.*

ACTION by *Richardson* against the *Railway Company,* for loss by fire, alleged to have been caused by defendant's negligence.   Judgment for plaintiff, at the October term, 1888. The defendant *Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Case & Glasse,* for defendant in error.

Opinion by GREEN, C.: This was an action to recover damages for the loss of certain property destroyed by fire. James M. Richardson owned 320 acres of land in Labette county, which he cultivated as a farm for raising fruit, grain, and stock. The St. Louis & San Francisco Railway Company owned and operated a line of railroad through this farm; and it is alleged that the railway company carelessly, negligently and unlawfully allowed and permitted weeds, grass and rubbish to accumulate and remain on its right-of-way, near to and along its track; that on the 26th day of February and the 1st day of March, 1887, while operating its line of railroad, it carelessly, negligently and unlawfully caused and permitted fire to escape from its engines or some part of its trains, which fire ignited the weeds and grass upon the right-of-way, communicated to the premises of the plaintiff, and destroyed his fences, grape vines, fruit trees, forest trees, and shade trees. The case was tried before a jury, and a verdict was returned for the plaintiff for $421.67. The jury returned special findings of fact, showing that each one of the trains was properly handled; that there was a public highway running along the east side of the defendant's railway track where the fire escaped on the 26th of February; and that the fire caught on the east side of the railroad track, near the center of the highway. The jury found, too, that the right-of-way where the fire escaped was covered with grass. In answer to the question as to whether the fire was set out on purpose or escaped by accident, they answered: "No; carelessness." The findings are substantially the same as to fire of March 1st, except that the jury answered that there was no dry grass, weeds or other rubbish in the draw on the defendant's right-of-way, where the fire escaped, other than the ordinary growth of the past season. The jury found as to each fire that the defendant

had omitted to properly clean its right-of-way. There was a motion for judgment in favor of the defendant, upon the special findings, notwithstanding the general verdict. This motion was overruled, and judgment was entered upon the general verdict.

The record presents but a single question for our consideration: Did the court err in refusing to give the defendant judgment upon the special findings? It is contended by the plaintiff in error, that while the statute makes the setting out of a fire *prima facie* evidence of negligence, it does not change the rule of liability, but shifts the burden of proof from the plaintiff to the defendant; and therefore, where the evidence on the part of the defendant rebuts this presumption, and shows that the defendant carefully conducted its business, the verdict should be for the defendant. As an abstract proposition we might admit the correctness of the principle as stated; but it is a question as to whether the special findings establish such a state of facts as will relieve the railroad company from all liability under the statute. This court said, before the enactment of the statute:

"Negligence is a question of fact for the jury. It is for them to determine whether there has been any negligence, and its nature and degree. Even where the circumstances are all admitted, if there is any doubt as to what they prove, it is still a question for the jury. It is not the duty of the court to draw inferences from the evidence, but only to pronounce legal conclusions from facts admitted or properly found." (*U. P. Rly. Co. v. Rollins*, 5 Kas. 187.)

In a later case it was said, that when the evidence shows an accumulation of dry grass and stubble, it is a question for the jury whether the accumulation is such, and under such circumstances, as to impute negligence. (*White v. Mo. Pac. Rly. Co.*, 31 Kas. 280.) We think it evident from the findings that the fires escaped on the right-of-way. This seemed to have been the theory of the railroad company, from the following special findings submitted to the jury, with others:

"13. What was the condition of the right-of-way of the

defendant at the place where the fire escaped — covered with grass or burned off? Ans. Covered with grass.

"14. Is it not a fact that the defendant company had taken precautionary measures to prevent fire from being set out on its right-of-way, by having its right-of-way burnt off during the winter before the fire occurred of February 26, 1887? A.. Partially so.

"15. Was there any dry grass, weeds, rubbish lying, standing or being upon defendant's right-of-way at the time and place where the fire was set out on the 26th day of February? If so, state fully the quantity and height of any dry weeds, grass or other rubbish that was on defendant's right-of-way at said time and place. A. Yes; growth of 1886."

The answers are the same as to the fire of March 1st. We think, therefore, that the findings show that the fires escaped on the right-of-way; and under chapter 155 of the Laws of 1885, (¶ 1321 of the General Statutes of 1889,) the railroad company was *prima facie* guilty of negligence. (*Mo. Pac. Rly. Co. v. Merrill*, 40 Kas. 404; *Mo. Pac. Rly. Co. v. Cady*, 44 id. 633.) It is true that it has been held that "it is not negligence *per se* for a railroad company to permit standing grass and weeds to remain on its right-of-way;" (*K. P. Rly. Co. v. Butts*, 7 Kas. 308;) still there may be such a state of facts surrounding each particular case as will establish negligence; and when such facts do exist, it is proper to submit them to the jury.

The law in this class of cases ordinarily commits the question of negligence to the jury. The negligence imputed to the railroad company in this case is in the care of its right-of-way. It has been said in this class of cases that "the removal of combustible substance is quite as much a means of preventing the communication of fire from locomotives as the use of inventions for preventing the escape of fire from the locomotives themselves." (Thomp., Neg. 162, and authorities there cited.) This question the jury passed upon, and found that the company omitted to clean its right-of-way, and returned a general verdict in favor of the plaintiff. We do not feel that we can disturb the judgment of the trial court based upon these

special findings and the general verdict of the jury, especially when the occurrence of a fire caused by the operation of a railroad is by statute made *prima facie* evidence of negligence.

It is urged that, if the defendant below were guilty of negligence under the special findings, the plaintiff was guilty of a greater degree of negligence, because he took no precaution whatever to prevent fire. The special findings were that he pastured his premises. This, too, was a matter for the jury to determine, and not a question of law. (*K. C. Ft. S. & G. Rld. Co. v. Owen*, 25 Kas. 419; *St. J. & D. C. Rld. Co. v. Chase*, 11 id. 47; Beach, Contrib. Neg., § 75.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.