THE MISSOURI PACIFIC RAILWAY COMPANY v. ANNIE
M. CHAMBERLAIN.

No. 124.

1. RAILROADS—*Injury by Fire—Defective Engine.* While, in an
action against a railroad company to recover damages on account
of fire caused by a passing engine, evidence of a single fire may
not be sufficient to warrant a finding of negligence against the
company, yet when it appears that at or about the same time sev-
eral fires are by the same engine thus caused, and that only at or
about that time were any fires caused by such engine, although
used continuously for months, and also that an engine in good
order and properly managed does not ordinarily cause fires, *held*,
that a jury is justified in finding negligence, and this notwith-
standing it is unable to point out specifically wherein the negli-
gence consists. (*Mo. Pac. Rly. Co. v. Kincaid*, 29 Kan. 654.)

2. EVIDENCE—*Incompetent but not Prejudicial.* Where incom-
petent evidence is admitted by the trial court, but it plainly
appears from the record that such evidence could not have preju-
diced the rights of the party complaining thereof, a verdict will
not be disturbed on account of its admission.

MEMORANDUM.—Error from Coffey district court;
CHARLES B. GRAVES, judge. Action by Annie M.
Chamberlain against The Missouri Pacific Railway
Company to recover damages on account of fire. Judg-
ment for plaintiff. Defendant brings the case to this
court. Affirmed. The opinion herein, filed July 13,
1896, states the material facts.

*B. P. Waggener*, and *Albert H. Horton*, for plaintiff in
error.

*J. I. Wolfe*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought against the
railroad company to recover damages on account of
fire caused by a passing engine, by which it was
claimed that a certain building and its contents be-

longing to defendant in error were destroyed.   The railway company alleges error in the trial of the cause, and brings the cause here for review, from a judgment rendered against it.   It is claimed on the part of the plaintiff in error : (1) That there was no sufficient evidence offered in this case to establish the fact that the fire complained of was caused by the operation of the railroad ; (2) that incompetent evidence was admitted in the trial of the action.   The evidence shows that the fire occurred just after a train had passed the premises in question.   It is true that the railway company introduced considerable evidence of a strong character relative to the perfect condition of the appliances used to guard against the escape of sparks of fire from the engine, and to prove the fact that the engineer was skilful in his line of business ; but there was also evidence in this case that the engine in question set out several fires upon the same day that the one in question occurred, and that an engine in good repair and properly handled will seldom set out fire.   There was further evidence as to the length of time the wire netting used to arrest the sparks from the engine will last, and that the netting in the engine in question had been used very nearly, if not quite that length of time.   While, in an action of this character, evidence of a single fire may not be sufficient to warrant a finding of negligence against the railway company, yet when it appears that at or about the same time several fires are caused by the same engine, and also that an engine in good order and properly managed does not ordinarily cause fires, a jury is justified in finding negligence, and this notwithstanding they may be unable to point out specifically wherein the negligence occurred. (*Mo. Pac. Rly. Co. v. Kincaid*, 29 Kan. 654.)

In this case, however, the jury, in answer to certain special questions, found that the screen and netting at the top of the smoke-stack of the engine in question were not in good order, and that the fire which destroyed the property of the defendant in error escaped from the smoke-stack. We are of the opinion that the evidence justified this finding.

Some of the witnesses who testified in this case were asked in regard to a fire which occurred some time prior to the date upon which the fire occurred which caused the damage in question, and were permitted to testify concerning some facts in connection with such fire, over the objection of plaintiff in error. This testimony was not competent, and ought not to have been permitted ; but it is clear, when we consider all the testimony given in the case, that it could not have prejudiced the jury, and that no different verdict would have been rendered had the objectionable testimony not been admitted.

The judgment of the district court is affirmed.

DENNISON, J., concurring.

JOHNSON, P. J., not sitting, having been of counsel.