THE CITY OF KANSAS CITY v. EDWARD GILBERT *et al.*

No. 12,651.   ( 70 Pac. 350.)

SYLLABUS BY THE COURT.

CITY AND CITY OFFICERS—*Injuries from Electric Wire—Liability for Damages.*   Assuming, but not deciding, that a city policeman is a mere peace officer of the state, and not an agent of the municipality, competent in the lack of statute or ordinance to charge the latter with responsibility for his negligence in fail-

ing properly to remove dangerous obstructions to street travel, or to guard the public against them, yet, if a city negligently allows a broken and suspended electric wire to remain upon the sidewalk after falling down, it will be liable for injuries following the negligent act of a policeman in so moving the wire as to constitute it a conductor of the electric current from above, and in failing to guard or warn passers-by against it, not because of the policeman's negligent performance of a legally imposed duty, but because of its own negligence in allowing the wire to remain down, exposing the public to the hazard of its being so misplaced or meddled with as to do harm.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed October 11, 1902. Affirmed.

*T. A. Pollock*, city counselor, and *M. J. Reitz*, city attorney, for plaintiff in error.

*L. W. Keplinger*, and *C. W. Trickett*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action for damages sustained by the plaintiff, a small boy, by coming in contact with an electrically charged wire which had fallen down, and which, after falling down, the defendant, the city, had negligently allowed to remain upon one of its sidewalks. The accident occurred on a Saturday afternoon. According to some of the testimony, the wire had been down since the preceding Thursday, and according to other testimony it had been down about eight hours, and the jury, in answer to a question whether it had been down "for at least several hours prior to the injury to plaintiff," answered that it had. The wire which caused the injury was a broken telegraph or telephone wire which had fallen across or near by a "span wire" of an electric street-railway line, and which span wire had evidently be-

come charged with electricity through some defective insulation. There was no evidence of actual notice to the governing officers of the city of the broken and dangerous condition of the wire. A few minutes before the accident a policeman discovered the pendent end of the wire lying on the sidewalk. He coiled it up and laid the coil at the foot of a post at the edge of the sidewalk, and started to report the fact of its being down. He should have remained in proximity to the wire, so as to warn passers-by against it until he could have been relieved from the duty. Such seems to be the charge of negligence so far as he was concerned. The policeman did not receive any shock from the wire, but evidently it soon became charged, because presently the plaintiff came in contact with it and received his injuries. It is probable that the act of the officer in shifting the wire caused it to come in contact with the electrically charged span wire above and receive a current from that source.

The jury returned a general verdict in favor of the plaintiff, and were also asked and made answer to special questions, of which those material to notice were as follows:

"16. Did the policeman, Mosby, remove the wire by which the plaintiff was injured from the sidewalk and place it at the foot of pole of the street-railway at the place where the accident to the plaintiff occurred about five minutes before the accident happened? Ans. Yes.

"17. If you answer the preceding question in the affirmative, state if the police officer, Mosby, was negligent in placing and leaving such broken wire as he did. A. Yes.

"18. If you answer the last question, that the police officer, Mosby, was negligent, state if such negligence was the direct cause of the plaintiff's injuries. A. Partly.

"19. If you answer question No. 17 in the affirmative, state if the act of the policeman, Mosby, in placing the wire at the foot of the pole supporting the span wire of West Side Railway Company at the place of the accident was one direct cause of the accident, without which it would not have occurred ?  A.  Yes."

No ordinance imposing on policemen any duty in respect of dangerous conditions of street travel was introduced.   Judgment went against the city, to reverse which it has prosecuted error.

The plaintiff in error claims that the petition charged the city with negligence in allowing the wire to remain down after sufficient lapse of time to impart constructive notice of its dangerous condition, whereas, as is further claimed, the above-quoted findings and other incidents of the trial show that recovery was allowed for the negligence of the policeman, and that, such being the case, the judgment was erroneous, because, as is also contended, a policeman in law is a mere peace officer of the state, and not an agent of the city, qualified, in the lack of statute or ordinance, to charge the latter with responsibility for his negligent acts. The criticism of the petition is not well founded.   Its allegations were sufficient to permit a recovery on the theory of the city's liability for the negligence of the police officer, assuming him to have been a legally authorized agent, as well as to recover on the theory of constructive notice by lapse of time. There are many decisions holding cities exempt from liability for the negligent acts of a policeman in cases where they have not been constituted by statute or ordinance the agents of the municipality.   The case of *Peters v. City of Lindsborg*, 40 Kan. 654, 20 Pac. 490, is one, and *City of Columbus v. Ogletree*, 96 Ga. 177, 22 S. E. 700, and *Cook v. City of Anamosa*, 66 Iowa, 427, 23 N. W. 907, are others.

However, it is not necessary to determine the question of the city's liability for the negligence of the policeman, Mosby. The findings of the jury are not to be interpreted as founding the recovery on his acts. A charge of dangerous condition of the street resulting from a broken electric wire falling and resting on the sidewalk was made. The evidence and findings did nothing more than show that such generally dangerous condition was given specific character and force by the negligent act of the officer, just as such character and force might have been given by the like act of any other person. The general act of negligence charged and proved was the leaving of the broken wire to hang from above to the sidewalk below, exposing the public to those dangers which some specific occurrence, like the act of the policeman, Mosby, might bring into play. The claim of negligence in this respect was submitted to the jury under appropriate instructions, and, therefore, a finding of the truth of the claim must be regarded as included in the general verdict.

If one puts a dangerous mechanical contrivance in the public highway—one liable to do harm if disarranged or meddled with—and some meddler does disarrange or set it in motion, to the injury of another person, it is no answer to say that the one whose act proximately in point of time or physical volition caused the injury was not the agent of the one who exposed the machine to the hazard of being meddled with. True, it was the act of the policeman in changing the position of the pendent wire so as to receive the electric current from the defectively insulated span wire above that produced the injury, but in law the responsible cause of the injury, or an equally responsible cause of it, was the negligent act

of the city in allowing the wire to hang down, subject to the chances of being so moved about as to be made into a conductor of the electric current above.

Some other but minor claims of error are made, but none of them is well taken.

The judgment of the court below is affirmed.

All the Justices concurring.