Swayzee v. City of Augusta.

---

No. 23,105.

HOWARD SWAYZEE, Surviving Husband and Next of Kin of ELLA SWAYZEE, Deceased, *Appellee,* v. THE CITY OF AUGUSTA, *Appellant.*

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Distribution of Natural Gas—Pleadings—Amended Petition—Contributory Negligence.* A petition praying for damages occasioned by negligence of the defendant in distributing natural gas, and amendments to the petition, examined, and *held*: Soundness of the cause of action was not affected by amendments resting certain allegations of the petition on information and belief; the amendments were not inconsistent with the petition, and did not render the petition ambiguous; the negligence charged in the amended petition was the proximate cause of the injury; contributory negligence barring recovery does not appear on the face of the petition; and the amended petition states a good cause of action, in a sufficiently clear and concise manner.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 9, 1921. Affirmed.

*N. A. Yeager, R. A. Cox,* both of Augusta, and *T. A. Kramer,* of El Dorado, for the appellant.

*C. R. Sowers, J. D. Houston, C. H. Brooks,* and *Willard Brooks,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from death of the plaintiff's wife, which was occasioned by negligence of the defendant in distributing natural gas. A demurrer to the petition was overruled, and the defendant appeals.

The defendant owns and operates a gas plant, and supplies inhabitants of the city with natural gas for domestic and other uses. For that purpose it maintains a distributing system consisting of mains, pipes, and necessary fixtures and appurtenances. The plaintiff did not use gas in his residence. The appliances for serving the residence adjoining his on the south were so installed that after passing through the meter, gas would flow into the plaintiff's residence through a pipe the end of which was not capped. Proper cut-offs and stopcocks were not provided, and the result was that when gas was turned into the service system of the adjoining residence it would flow into and accumulate in the plaintiff's residence. In the evening of May 24, 1919, the plaintiff's wife entered their apartment and ignited a match preparatory to lighting a lamp, when an explosion of gas occurred. The plaintiff's wife received injuries which caused her death. His daughter Pansy, a child a little less than a year old, was so badly burned she died within a few hours. His son Floyd was so badly burned he will be disfigured and an invalid for life. The plaintiff's niece, Ada Swayzee, who was in the house at the time, was so badly burned she will be disfigured and an invalid for life.

The petition alleged that the defendant placed and allowed to be placed on the premises referred to, the meter, pipes, and connections with the defendant's main, as a part of its gas-distributing system; that the defendant constructed and caused to be constructed this portion of its distributing system; that the defendant arranged and installed, and caused to be arranged and installed, the service appliances which have been mentioned; that the defendant knew the character of the service equipment so placed, constructed, arranged, and installed; that the defendant knew gas would flow without obstruction into the plaintiff's residence when gas was turned on; and that, with this knowledge, or with knowledge which ordinary care required the defendant to possess, it turned gas into the service appliances, with the result stated.

The defendant moved the court to require the plaintiff to make the petition more definite and certain. The motion was sustained, and the plaintiff complied with the order in the following manner:

"In response to defendant's motion to make petition more definite and certain, the plaintiff files this amendment to said petition and states:

Swayzee v. City of Augusta.

"1. That he does not know the name of the owner of the dwelling and property where the accident occurred, but is informed and believes that the owner's name is . . .

"2. That he does not know who owned and installed the service line, the stopcocks and cut-off between the city main and the meter, as set out in said petition, but is informed and believes that the owner of said premises and defendant jointly installed same and jointly controlled same.

"3. That plaintiff does not know the name of the person who owned the gas pipes, stopcocks, cut-off and plugs on the end of the pipes inside of said dwelling, but is informed and believes that the owner of the dwelling and the defendant City of Augusta jointly owns same.

"4. That plaintiff does not know how long the pipes on the inside of said dwelling had been installed, but says they were installed sometime prior to the time plaintiff and his wife moved into said dwelling.

"5. That plaintiff does not know how long before the accident the pipes had been without plugs or caps, as alleged.

"6. That plaintiff does not know the name of the employee or agent who turned the gas on through defendant's meter on the day of the accident, but states that defendant's leaving its meter, pipes and appliances in the condition described in the petition, on and near the public sidewalk and street in said city of Augusta, not only constituted a nuisance, but was an invitation to thoughtless and heedless persons, and also to the occupier of the property adjacent to that occupied by plaintiff, to turn on the gas so it would flow through defendant's meter and from defendant's pipe lines into the house on said adjacent property, when at the same time it would flow through the incompleted, unsafe, dangerous and defective pipes and appurtenances into plaintiff's residence, all of which defendant knew or should have known by the use of proper care and foresight; and by reason of the premises, plaintiff says the defendant negligently failed to use proper circumspection and foresight with regard to the reasonable probable contingencies and dangers arising out of its conduct, above set forth, and carelessly failed to provide against the probable consequences and results of its said conduct; and plaintiff says by reason of the said negligence and of the negligence set forth in the petition, and by reason of all the premises, the explosion in question resulted, and caused the damage to the plaintiff complained of in the petition.

"WHEREFORE, Plaintiff prays for damages as set forth in its petition, to which petition this is an amendment."

The defendant complains of the matters stated in the amendment on information and belief. The motion to make definite and certain was filed for the purpose of eliciting information which the defendant said was necessary to enable it to answer. Being unable to give positive responses, the plaintiff did the best he could and, reading the amendment with the petition, the petition now stands as if it were in the usual form, "the

plaintiff does not know, but is informed and believes, and therefore alleges   . . ."

Leaving out of consideration the subjects, who installed the distributing apparatus, and who owns it, the petition states a cause of action. With full knowledge, actual or resulting from the requirements of diligence, of the character and condition of the apparatus and of destination of the gas, the defendant allowed it to flow into the plaintiff's apartment.

The defendant argues that the sixth paragraph of the amendment makes the petition ambiguous and destroys the basis of recovery proposed in the petition itself. The paragraph was inserted in response to the following subdivision of the motion to make definite and certain:

"That he be required to give the name of the employee, agent or official of said defendant city who turned the gas on through the meter on the day of the accident as alleged."

The defendant thus introduced the specific subject of a release of gas from the street main on the day of the accident. The stop box at the property line was the defendant's means of controlling the flow of gas from the main. Natural gas is highly inflammable and highly explosive, and the defendant is required to exercise care commensurate with the danger fairly to be apprehended from its distribution. Under some circumstances the city might not be responsible for acts of a trespasser in releasing gas from a main; but a cut-off exposed to easy manipulation by casual meddlers would not afford reasonably secure confinement for gas which, if the cut-off were turned, would become vagrant in the neighborhood. The requirement that the petition should be drawn on a definite theory does not preclude the charging of several acts of negligence, and the sixth amendment is not open to any of the objections urged against it.

The defendant says lighting the match by the plaintiff's wife was the proximate cause of the injury. Lighting the match merely occasioned the injury, by releasing the destructive forces resident in the agent which the defendant set at large, and the defendant was required to know that unless properly confined its gas would likely come in contact with fire used for domestic purposes.

The defendant says the plaintiff's wife was guilty of contributory negligence. Standing alone, the petition does not contain sufficient facts to require that subject to be submitted to a jury, much less to be passed on now as a matter of law.

The defendant's brief ranges so widely that the court will not attempt to discuss the subjects presented further than has been done. There is no doubt that the petition states a good cause of action, in a sufficiently clear and concise manner.

The judgment of the district court is affirmed.

## MEMORANDUM.

In cases Nos. 23,123, 23,124 and 23,125 the petitions were similar to the petition in case No. 23,105, just decided. The appeals were taken from judgments of the district court overruling demurrers to the petitions. The judgments are affirmed, for reasons stated in the opinion in case No. 23,105.