No. 25,918.

Sarah E. Webb, *Appellee*, v. The City of Chanute, *Appellant*.

### SYLLABUS BY THE COURT.

Negligence—*Explosion of Escaping Gas—Proximate Cause of Injury.*  Where a city, supplying natural gas to its inhabitants, negligently permits gas to escape from its pipes into a building, which gas is ignited, with resulting injury, by an independent workman, called in to repair the pipes, striking a match, the act of the workman is not such an independent, intervening cause of the injury as will relieve the city from liability.

Appeal from Neosho district court; Shelby C. Brown, judge.  Opinion filed May 9, 1925.  Affirmed.

*C. M. Brobst,* city attorney, *James W. Finley, James A. Allen,* and *B. M. Dunham,* all of Chanute, for the appellant.

*F. J. Oyler, W. H. Anderson,* and *G. M. Lamer,* all of Iola, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages to personal property caused by gas explosion and resulting fire.

The plaintiff, Sarah E. Webb, conducted a millinery store in a building owned by Jones Bros. in Chanute.  The city of Chanute was engaged in the business of furnishing its inhabitants with natural gas and had pipes for that purpose extending into plaintiff's place of business, where there was a meter and service pipes.  At the re-

quest of plaintiff, the city removed the meter, and soon it was noticed that gas was escaping into the room. Plaintiff notified the city of the escaping gas and requested that the pipes be repaired or the gas turned off, but this was not done. After repeated notices plaintiff was informed that the city would not repair the pipes, and she called upon Jones Bros. to have them repaired. They had a plumber send a workman to repair the pipe. The workman came and there was pointed out to him the place from which the meter had been removed and he went to the place to investigate the trouble and repair the leak. About the time he started to work there was an explosion and fire which destroyed plaintiff's property.

In this action plaintiff made the city of Chanute, Jones Bros., the plumber and the workman defendants and alleged, among other things, that when the workman went to the place where the meter had been removed he struck a match, which caused the explosion. A similar statement was made in the opening statement of counsel, and one witness for plaintiff testified to that effect. Each of the defendants filed a demurrer to the evidence. These demurrers were sustained except as to the city of Chanute and the workman. The workman's testimony was that he did not strike a match, but had and used a flashlight, and that the explosion and fire came from other causes. The result was a verdict in favor of the plaintiff against the city of Chanute. The city has appealed.

The sole contention of appellant on this appeal is that, even if the city were negligent in permitting the gas to escape into the room, such negligence was not the proximate cause of the injury; that the proximate cause of the injury was the striking of the match by the workman who went there to repair the leak in the pipes. This question was presented by a motion for judgment on the pleadings, by demurrer to the evidence, and by motion for a directed verdict.

This contention cannot be sustained. A similar contention was held to be unavailable in *Swayzee v. City of Augusta,* 108 Kan. 785, 197 Pac. 208, 210; 113 Kan. 658, 665, 216 Pac. 265. (See, also, *Kansas City v. Gilbert,* 65 Kan. 469, 70 Pac. 350. *Gas Co. v. Carter,* 65 Kan. 565, 70 Pac. 635. *Leonard v. Cement Co.,* 91 Kan. 735, 739, 139 Pac. 478. *Hashman v. Gas Co.,* 83 Kan. 328, 111 Pac. 468. *Luengene v. Power Co.,* 86 Kan. 866, 122 Pac. 1032. *Byland v. Powder Co.,* 93 Kan. 288, 144 Pac. 251.)

Appellant cites and relies upon *Gas Co. v. Dabney,* 79 Kan. 820,

Palmer v. Midland Valley Rld. Co.

102 Pac. 488. There an oil well which was being brought in was shot in the evening. Some time later it caught fire from an unknown cause. The negligence alleged was in shooting the well in the night-time and in failing to cap the well and connect it with a tank. It was held that the subsequent explosion could not be said to be the natural and probable consequence of the failure of the defendant to do any of these things. There the shooting of the well was a part of the work of developing the lease and bringing in an oil well, and had to be, or at least was proper to be, done. The natural result of that was to cause gas, or oil and gas, to escape from the well. The gas might have been ignited by a stroke of lightning or some cause in no way chargeable to defendant. Here the permitting of a highly explosive, dangerous gas to escape into a room was a condition which the persons who permitted it might reasonably expect explosion, fire or other injurious results to follow.

Appellant argues that permitting the gas to escape only created a condition which might cause injuries through the negligence of another. It is frequently true, of course, that a condition may not be a proximate cause of an injury, but it is not impossible for it to be. (*McRae, Adm'r, v. Railroad Co.,* 116 Kan. 99, 225 Pac. 1032.) There may be two or more causes operating together which would make the parties liable as joint tort-feasors.

The judgment of the court below will be affirmed.