No. 27,190.

THE LENFESTEY BROOM WORKS and THE HUDSON INSURANCE COMPANY, of New York, *Appellants*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. TORTS—*Parties—Liability as Joint Tort-feasors.* Two or more persons are not liable as joint tort-feasors where. the act of one is not the act of the others and they do not concur in the performance of the wrongful act.

2. NEGLIGENCE—*Contributory Negligence—Ruling on Demurrer.* In an action to recover damages caused by negligence, it is error to sustain a demurrer to the evidence of the plaintiff which tends to prove that he was guilty of contributory negligence, but which does not sufficiently establish that fact to enable the court to say as a matter of law that he was guilty of such negligence.

3. SAME—*Joint and Several Liability—Evidence.* In such an action as is mentioned in the first and second paragraphs of this syllabus, where the plaintiff seeks to recover against three defendants which he alleges were joint tort-feasors, the demurrer to the evidence of the plaintiff by one of such defendants should be sustained where the evidence shows that it was not guilty of any act of negligence and did not concur in any such act committed by either of the other defendants.

4. SAME—*Evidence—Sufficiency as Against Demurrer.* Under the conditions mentioned in the first, second and third paragraphs of this syllabus, a demurrer to the evidence of the plaintiffs by one of such defendants should be overruled where there is evidence which tends to show that such defendant was guilty of an act of negligence which resulted in injury to the plaintiff.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed March 12, 1927. Affirmed in part and reversed in part.

Negligence, 29 Cyc. p. 627 n. 36. Torts, 38 Cyc. p. 484 n. 93; 9 A. L. R. 939; 35 A. L. R. 409; 26 R. C. L. 764.

*Charles G. Yankey, John L. Gleason* and *Kenneth K. Cox,* all of Wichita, for the appellants.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, *J. D. Houston, H. W. Hart, Glenn Porter, Enos E. Hook, Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston,* all of Wichita, *Henry L. McCune* and *Lynn Webb,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs, corporations, sued to recover from the defendants damages caused by a fire alleged to have been brought about by their negligence. Judgment was rendered in favor of each of the defendants on its demurrer to the evidence of the plaintiffs, who appeal.

The Lenfestey Broom Works owned a quantity of broom corn which was stored in a building situated at 416 South Commerce street, in the city of Wichita. The Hudson Insurance Company issued a policy of fire insurance to the Lenfestey Broom Works insuring the broom corn against loss or damage by fire. The policy provided for the subrogation of the Hudson Insurance Company to the rights of the Lenfestey Broom Works on account of any loss which the insurance company might be compelled to pay to the broom works. A loss by fire occurred, that loss was paid by the insurance company, and this action was commenced by the plaintiffs to recover for that company.

The plaintiffs alleged that the railway company had erected a crane to be used in loading and unloading freight from cars on its tracks; that the defendants and each of them were guilty of negligence in placing high voltage electric wires running to the transformers in such close proximity to low voltage wires running from the transformers as to make possible the escape of electrical current from the high voltage wires to the low voltage wires; and that they were negligent in so unloading a piece of sheet steel as to permit it to come in contact with the electrical wires and thereby make a contact between the high-tension wires and the low-tension wires and cause a high-voltage current to be communicated to the wires leading to the building at 416 South Commerce street, causing the fire which burned and damaged the broom corn.

The evidence tended to show that upon a pole not far from 416 South Commerce street and near the defendant railway company's railroad track, the defendant electric company had placed three

electric transformers to which were attached high-tension wires carrying approximately 4,100 volts of electricity, and from which transformers low-tension wires of 220 voltage ran to 416 South Commerce street, to other consumers on that street, and to a crane, electrically driven, which had been built by the railway company across its tracks for use in loading and unloading heavy freight; that the electric company owned the pole on which the transformers were placed, owned the transformers, the wires leading to them, the wires from them to the point where electricity was delivered to the crane, the wires to 416 South Commerce street, and to the other consumers of electricity on that street; that the high-. and low-tension wires were loosely strung and in places were only about a foot apart; that the electric company operated the plant which delivered electricity to the crane and to 416 South Commerce street; that the Lenfestey Broom Works had leased the building in which the broom corn was stored; that the building was electrically equipped for light and power; that, by using the crane, defendant Wible was unloading from a freight car on the railroad a long, heavy piece of sheet steel with the assistance of a man furnished by the railway company to operate the crane; that Wible owned the material that was being unloaded; that he did not use any ropes or wires to guide the piece of steel as it was being unloaded; that after it had been lifted from the car and had been lowered about a foot toward Wible's truck, the operator of the crane "saw a sheet of sparks fly past right in front of him"; that afterward the crane would not operate; that one of the vertical wires on the transformer pole was broken and the insulation was scraped from another one of them; that a hole was burned through one end of the piece of steel; that soon thereafter the fire occurred in the building at 416 South Commerce street; and that the broom corn owned by the plaintiff, the Lenfestey Broom Works, was then badly burned and greatly damaged.

Concerning what occurred at 416 South Commerce street, there was evidence which tended to show that at about the time of the occurrence at the crane, there was a flash of fire in the building which came out of the meter box; that there was an explosion in the fuse box; that the fuse box was in good repair before the explosion; that after the explosion it was torn from its fastenings; that it was connected with a ground wire which led to a pipe in the floor; and

that when the fuse box was examined it was hot, melted lead was running from it, and smoke was coming out of it.

The city electrician testified that after the fire he found broken insulators and a broken fuse box under the transformer pole near the Santa Fe crane; that he found the insulation scraped off one of the vertical wires on the pole near the crane; that another vertical wire had been recently spliced; that one of the damaged wires · was a high-tension wire and the other a low-tension wire; that contact had evidently been made between these two wires; that the fuse box at 416 South Commerce street showed indications of high ·voltage; that it was excessive voltage which caused the fire; and that the closeness of the vent pipe to the conduit contributed materially in causing the fire.

There was evidence which tended to prove that the fire would not have occurred but for the defective electrical wiring and equipment in the building at 416 South Commerce street.

1. The Kansas Gas and Electric Company and S. M. Wible were actively engaged in their separate operations at the time of the fire. The property of the Atchison, Topeka & Santa Fe Railway Company was being used by S. M. Wible at that time. The property of the railway company and the electricity from the electric company were being used by S. M. Wible in unloading the steel plate. The crane, the electricity, and the electrical appliances then being used by him were under his control. He was not under the control of either the railway company or the electric company.

In *Luengene v. Powder Co.,* 86 Kan. 866, 876, 122 Pac. 1032, the court said:

" 'Where two or ·more parties, by their concurrent wrongdoing, cause injury to a third person, they are jointly and severally liable.' (*Kansas City v. Slangstorm,* 53 Kan. 431, syl. ¶ 2, 36 Pac. 706; *Kansas City v. File,* 60 Kan. 157, 55 Pac. 877; *Arnold v. Milling Co.,* ante, p. 12, 119 Pac. 373; *McKenna v. Gas Co.,* 198 Pa. St. 31, 47 Atl. 990; *Louisville v. Schneider,* 143 Ky. 171, 136 S. W. 212, 35 L. R. A., n. s., 207; Note, 29 L. R. A. 356; Note, 32 L. R. A., n. s., 809; 1 Thompson, Com. on the Law of Neg. § 75.)"

To the same effect ·is *Wholesale Grocery Co. v. Kansas City,* 115 Kan. 589, 593, 224 Pac. 47, which cites a number of cases.

It takes joint or concurrent action to make joint liability. It follows that if any one of the defendants was not negligent and did not concur in any negligence of either of the others, that defendant is not liable.

2. The evidence which tended to prove that the fire would not have occurred but for the defective wiring in the building in which the broom corn was stored tended to prove that the Lenfestey Broom Works was guilty of contributory negligence.

In *Bowers v. Mildren,* 107 Kan. 584, 193 Pac. 318, it was said that—

"In an action for damages, the question whether the injured plaintiff was guilty of contributory negligence is ordinarily one to be determined by the jury in view of all the evidence, and cannot be disposed of by a demurrer." (Syl. ¶ 1. See, also, *Kansas City, Ft. S. & G. R. Co. v. Owen,* 25 Kan. 419; *Missouri Pac. Ry. Co. v. Kincaid,* 29 Kan. 654, 656; *St. L. & S. F. Rly. Co. v. Richardson,* 47 Kan. 517, 521, 28 Pac. 183; *Eidson v. Railway Co.,* 85 Kan. 329, 116 Pac. 485; *Bennett v. Bank,* 100 Kan. 90, 163 Pac. 625.)

The facts established by the evidence were not such that the court can say they of themselves constituted such contributory negligence as prevents a recovery. The demurrer could not have been properly sustained on the ground of contributory negligence.

3. Was the evidence sufficient to prove a cause of action against the Atchison, Topeka & Santa Fe Railway Company? It erected the crane for the use of its patrons in loading and unloading heavy freight. The railway company had nothing to do with the electrical wiring or appliances. It did not operate the crane, but furnished a competent man to operate it for those who desired to use it. The man thus furnished controlled the application and release of electrical power and worked under the direction of those who were using the crane in loading or unloading freight. The crane was being used in this manner at the time of the fire, of which the plaintiffs complain. There was no evidence which tended to prove that the crane had been defectively constructed; that the railway company was negligent; or that it concurred in the negligence of either of the other two defendants in the construction or placing of the electric wires, poles, or appliances, or in the manner in which the crane was operated. The demurrer of the railway company to the evidence of the plaintiffs was properly sustained.

4. The petition alleged that the wires and other electrical appliances had been defectively constructed and placed. The evidence tended to show that the placing of the wires and of the other electrical appliances by which electricity was transmitted to the crane was under the control of the electric company. There was evidence from which the jury might have found that the wiring had

Lenfestey Broom Works v. Atchison T. & S. F. Rly. Co.

not been properly done. For that reason, the evidence against the Kansas Gas and Electric Company should have been submitted to the jury. It was error to sustain the demurrer of the electric company to the evidence of the plaintiff.

The petition alleged that the steel plate was unloaded in a negligent manner in that it was not prevented from striking the electric wires during the process of unloading. The evidence tended to show that the plate struck the wires and thereby caused the fire. The evidence also tended to prove that no effort was made to guide or control the steel plate during the process of unloading. S. M. Wible did the unloading and controlled it. He is responsible for any negligence that occurred in unloading the steel plate. From that evidence, the jury could have concluded that it was his negligence in not guiding or controlling the steel plate while unloading it that caused the fire. That evidence should have been submitted to the jury. It was error to sustain Wible's demurrer to the evidence of the plaintiffs.

The judgment is affirmed as to the Atchison, Topeka & Santa Fe Railway Company, and is reversed as to the Kansas Gas and Electric Company and S. M. Wible, and a new trial is directed as to them.

Burch, J., dissents from the judgment of reversal as to the Kansas Gas and Electric Company, on the ground maintenance of its appliances merely furnished conditions under which the injury occurred, the legal cause of which was the negligent conduct of Wible.