No. 37,832

Oscar W. Rork, *Appellant,* v. L. E. Beatty, *Appellee.* ·

(219 P. 2d 355)

Opinion filed June 10, 1950.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Howard A. Jones. Robert J. Fowks* and *Roy R. Bartlett,* all of Topeka, were with him on the briefs for appellant.

*Harold E. Doherty,* of Topeka, argued the cause, and *G. Clay Baker,* of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order sustaining a demurrer to plaintiff's evidence in an action to recover for damage to plaintiff's automobile sustained in an intersection collision with the automobile of defendant.

The petition alleged that at the time of the collision plaintiff's automobile was being driven by his son Tom and it was framed on the theory that the two automobiles collided as a result of the concurrent negligence of defendant and plaintiff's son in that defendant's negligence consisted in not maintaining a proper lookout; not slowing down his vehicle before entering the intersection; not having proper lights, and in driving at a high and dangerous rate of

speed; and that plaintiff's son's negligence consisted in failing to have plaintiff's automobile under control so that he could avoid the collision. It was further alleged:

" . . . that the acts of negligence of the defendant and of Tom Rork hereinbefore mentioned were concurring acts of negligence which were the proximate cause of the damage which resulted to the plaintiff."

The defendant filed a motion to make the petition more definite and certain by setting out in more detail the acts of negligence of plaintiff's son. This motion was overruled. Defendant then filed his answer in which he admitted plaintiff's son was guilty of negligence as alleged in the petition, and denied his own negligence.

Trial was commenced before a jury and in his opening statement counsel for defendant admitted that plaintiff's son was negligent in the operation of plaintiff's car at the time of the collision.

Briefly summarized, plaintiff's evidence showed that in the nighttime plaintiff's son was driving plaintiff's car west on Sixth street in the city of Topeka; that as he approached the intersection of Sixth street and Gage boulevard he slowed down in order to turn south on Gage boulevard, and that as the car entered the intersection it was struck by the car driven by defendant which was proceeding north on Gage boulevard. The evidence further showed that there was no stop sign at either corner of the intersection and that defendant was driving at a high rate of speed and without lights. Plaintiff's son disclaimed any negligence on his part and testified that he had the car under control.

Plaintiff was not a passenger in his car and his son was not engaged in any undertaking for plaintiff at the time in question.

At the conclusion of plaintiff's evidence defendant demurred as follows:

"Comes now the defendant and demurs to the evidence of the plaintiff for the reason that the evidence fails to show the plaintiff and defendant, driver of plaintiff's car and defendant, were both guilty of concurrent negligence: for the further reason that the evidence fails to show the defendant was guilty of any negligence which would permit the plaintiff to recover in this case."

Following argument on the demurrer the trial court discussed the matter at length and sustained it on the ground that since the action had been brought on the theory that it was the concurrent negligence of both drivers which was the proximate cause of the collision, and that as plaintiff's evidence absolved his son of any negligence and merely established negligence on the part of defendant, plaintiff would be precluded from recovering from defendant. In other

words, the trial court took the position that plaintiff's failure to establish concurrent negligence, as alleged in his petition, was fatal to his cause of action against defendant, and the correctness of that ruling is the question before us for review.

In support of the lower court's ruling defendant argues that plaintiff chose to bring his action on the theory of concurrent negligence as being the proximate cause but then very carefully established that his son was without fault and therefore is precluded from recovering from defendant, and cites language in our decisions to the effect that the negligence charged must be the proximate or legal cause and that negligence, no matter of what it may consist, cannot create a cause of action unless it is the proximate cause of the injury of which complaint is made. (*Kinderknecht v. Hensley,* 160 Kan. 637, 164 P. 2d 105; *Rowell v. City of Wichita,* 162 Kan. 294, 176 P. 2d 590; *Flaharty v. Reed,* 167 Kan. 319, 205 P. 2d 905.)

On the other hand, plaintiff contends that in a case of alleged joint tort-feasors the injured party may sue any one or all and recover from any or all whose negligent acts are shown to have been a sole or concurring proximate cause of the damage or injury sustained.

Just why plaintiff elected to bring his action on the theory that he did is not shown by the record, but be that as it may we believe that the trial court took too narrow a view of the question before it.

The general rule is that where two or more persons concurrently participate in a wrong which operates in causing injury to another, all wrongdoers are jointly and severally liable. Substantially concurrent negligent acts of two or more persons render all liable as joint tort-feasors where the act or acts of each contribute as a proximate cause to the injury. (*Swayzee v. City of Augusta,* 113 Kan. 658, 216 Pac. 265; *Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 10 P. 2d 877; *Tilden v. Ash,* 145 Kan. 909, 67 P. 2d 614; *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88, 131 P. 2d 924.)

In the case before us plaintiff did not elect to make his son, an alleged joint tort-feasor, a party defendant, but even had he done so and then established negligence only on the part of the other defendant we do not understand the rule to be that he would thus be barred from recovering against such defendant merely because of his failure to establish liability on the part of such other alleged joint tort-feasor. The general rule is that in such a situation a plaintiff is entitled to recover against any defendant joint tort-

feasor on whose part negligence amounting to a proximate cause of the damage or injury is established. Joint or concurrent action is necessary to establish joint liability, but if any one of several defendat tort-feasors was not negligent that defendant is not liable. In the case of *Lenfestey Broom Works v. Atchison T. & S. F. Rly. Co.*, 123 Kan. 104, 254 Pac. 343, recovery was sought against three alleged joint tort-feasors. The proof failed as to one of the defendants but was established against the others and this court held that the demurrer to the evidence should have been sustained as to the one and overruled as to the remaining two. (See, also, *Webb v. City of Chanute*, 118 Kan. 505, 235 Pac. 838.)

Plaintiff calls our attention to the fact that a party to an action is not required to prove allegations which his adversary admits to be true, and that since defendant admitted plaintiff's son was negligent it was unnecessary for plaintiff to establish negligence on the part of his son. However, we prefer to base our decision on what we consider to be the real issue involved, and, as has been said, the rule is well settled that where two or more defendants are sued as joint tort-feasors failure of proof against one of them does not relieve the other of liability provided the proof establishes actionable negligence on the part of the latter. While in the case before us the other alleged joint tort-feasor was not made a party defendant, yet the same rule would apply. Here the plaintiff's evidence, as tested by the demurrer, established actionable negligence on the part of defendant and we think the demurrer was erroneously sustained.

It therefore follows that the judgment of the lower court is reversed, with directions to grant a new trial.